**Jo Ann HALTOM**

v.

**LYKES BROS. STEAMSHIP CO., INC.**

v.

**MEDICAL ADVISORY SYSTEMS, INC.**

No. 1:90 CV 231.

United States District Court, E.D. Texas, Beaumont Division.

Aug. 13, 1991.

---

Don Bush, Beaumont, Tex., for Jo Ann Haltom.

J. Thad Heartfield, Edward Johnson, Beaumont, Tex., for Lykes Bros. S.S. Co., Inc.

Joseph Green, Beaumont, Tex., for Medical Advisory Systems, Inc.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT LYKES BROS. STEAMSHIP CO., INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT

SCHELL, District Judge.

On this day came on for consideration the defendant Lykes Bros. Steamship Co., Inc.'s Motion for Partial Summary Judg-ment, together with the plaintiff's re-sponse. The court finds that the motion is meritorious and should be granted.

## NONPECUNIARY LOSS OF SOCIETY, COMPANIONSHIP AND CONSORTIUM

The plaintiff seeks damages for the death of her husband, a seaman, who died aboard the M/V Sheldon Lykes. Lykes contends that her claims for loss of society, companionship and consortium seek recov-ery for nonpecuniary losses which are not recoverable under the Jones Act, 46 U.S.C.App. § 688, the Death on the High Seas Act (DOHSA), 46 U.S.C.App. § 761 et seq., or general maritime law. Lykes cites the Supreme Court case of *Miles v. Apex Marine Corp.*, — U.S. —, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990), wherein the Court held that not only do the Jones Act and DOHSA limit recovery in wrongful death actions to pecuniary losses and exclude nonpecuniary losses, such as loss of socie-ty, but that there is also " . . . no recovery for loss of society in a general maritime action for the wrongful death of a Jones Act seaman." *Miles* at 111 S.Ct. 326.

The plaintiff responds by stating that *Miles* involved a suit by a nondepen-dent parent of a deceased seaman, where-as, here the plaintiff was dependent on the deceased. The Court in *Miles*, however, draws no such distinction in its ruling be-tween dependent and nondependent surviv-ors. In fact, the Court states that its rul-ing prohibiting recovery for nonpecuniary loss of society " . . . restore[s] a uniform rule applicable to *all actions* for the wrongful death of a seaman, whether un-der DOHSA, the Jones Act, or general mar-itime law." *Miles* at 326 (emphasis added).

The plaintiff further responds by point-ing out that the Supreme Court in *Miles* did not disturb its prior holding in *Sea–Land Services, Inc., v. Gaudet*, 414 U.S. 573, 94 S.Ct. 806, 39 L.Ed.2d 9 (1974), wherein the Court permitted recovery for nonpecuniary loss of society on behalf of a dependent plaintiff in a maritime wrongful death ac-tion. However, the *Gaudet* case is inappo-site. "The holding of *Gaudet* applies only

in territorial waters, and it applies only to longshoremen. *Gaudet* did not consider the preclusive effect of the Jones Act for death of true seamen." *Miles*, 111 S.Ct. at 325. *Gaudet* applies only to longshoremen. The case now before this court involves a seaman. Nonpecuniary elements of losses of society, companionship and consortium are, therefore, not recoverable in this case.

## PUNITIVE DAMAGES

 Lykes further contends that punitive damages are nonpecuniary in nature and are, therefore, not available under the Jones Act, DOHSA, or under general maritime law pursuant to the logic of *Miles*. In *Miles*, the Court said that there could be no recovery for nonpecuniary losses in a general maritime action for wrongful death of a seaman since recovery for such losses was foreclosed by Congress in death claims based upon the Jones Act and DOHSA. The Court declined "... to sanction more expansive remedies in a judicially-created cause of action in which liability is without fault than Congress has allowed in cases of death resulting from negligence." *Miles* at 326.

The same reasoning is applicable to the claim here for punitive damages. As stated by the court in *Rollins v. Peterson Builders, Inc.*, 761 F.Supp. 943, 948 (D.R.I.1991):

> Punitive damages "are given to the plaintiff over and above the full compensation for his injuries, for the purpose of punishing the defendant, of teaching him not to do it again, and of deterring others from following his example." Prosser, Law of Torts, § 2 at p. 9 (4th ed.).

Punitive damages have been held in the Ninth Circuit to be "nonpecuniary" and, therefore, not recoverable under either the Jones Act or DOHSA. *See Kopczynski v. The Jacqueline*, 742 F.2d 555, 561 (9th Cir. 1984) and *Bergen v. F/V St. Patrick*, 816 F.2d 1345, 1348–49 (9th Cir.1987). Moreover, the Fifth Circuit in dicta in the case of *In Re: Complaint of Merry Shipping, Inc.*, 650 F.2d 622 (5th Cir.1981), expressed doubt about the recoverability of punitive

damages under the Jones Act because "... Congress intended only *pecuniary* losses to be recoverable under the Act." *Merry Shipping* at 626.

Although the Fifth Circuit permitted the recovery of punitive damages under general maritime law in *Merry Shipping*, that case was decided prior to the Supreme Court's decision in *Miles*. This court is of the opinion that the Fifth Circuit, if presented today with the issue of whether punitive damages for the wrongful death of a seaman are recoverable under the Jones Act, DOHSA and general maritime law, would conclude that such damages are nonpecuniary and, consequently, not recoverable under the Supreme Court's holding in *Miles*.

It is, therefore, ORDERED that defendant Lykes' motion for partial summary judgment is GRANTED and that the plaintiff's claims for nonpecuniary losses and punitive damages are DISMISSED with prejudice.