592 So.2d 756 (1992)
SKY CRUISES, LTD., Inc., a corporation, Appellant,
v.
Leif ANDERSEN, Individually and As Personal Representative of the Estate of Kim Andersen, Appellee.
No. 90-1815.
District Court of Appeal of Florida, First District.
January 15, 1992.
Rehearing Denied February 14, 1992.
James F. Moseley of Taylor, Moseley and Joyner, Jacksonville, and Robert P. Smith, Jr., Hopping Boyd Green & Sams, Tallahassee, for appellant.
Brett Rivkind, Rivkind & Pedraza, Miami, for appellee.
PER CURIAM.
In this appeal from a maritime suit arising out of the death of a third engineer overcome by hydrogen sulfide gas from a faulty sewage system, the defendant cruise ship line challenges the award of punitive damages. We reverse.
We need not address the other arguments presented by appellant, because we find that under general maritime law there is no entitlement to punitive damages in a claim for the death of a Jones Act seaman based upon unseaworthiness. See Miles v. Apex Marine Corp., 498 U.S. ___, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990); Haltom v. Lykes Bros. S.S. Co., Inc., 771 F. Supp. 179 (E.D.Tex. 1991); Rollins v. Peterson Builders, Inc., 761 F. Supp. 943 (D.R.I. 1991); Matter of Mardoc Asbestos Case Clusters 1, 2, 5 and 6, 768 F. Supp. 595 (E.D.Mich. 1991). Contra, In re Complaint of Merry Shipping, Inc., 650 F.2d 622 (5th Cir.1981); In re Complaint of Garda Marine, Inc., etc. and Naviera Turrialba, S.A., as charterer of the M/V Turrialba, for Exoneration for Limitation of Liability, Case No. 88-2282-CIV-MARCUS (S.D.Fla. October 10, 1991).
REVERSED.
ERVIN, ZEHMER and BARFIELD, JJ., concur.