**In the Matter of the Petition of CLEVE-LAND TANKERS, INC., as Owner and Operator of the M/V JUPITER, for Exoneration From or Limitation of Liability.**

**No. 91–CV–70661–DT.**

United States District Court,
E.D. Michigan, S.D.

May 8, 1992.

Donald J. Miller, Richard McClear, Detroit, Mich., Timothy M. Buck, New York City, for Total Petroleum, Inc.

John L. Foster, Paul D. Galea, Detroit, Mich., for Cleveland Tankers, Inc.

D. Michael O'Bryan, Birmingham, Mich., for Abdul Mussa, Kaid Shajrah, Masud Nagi Mohamed, Charles T. Prescott, III.

Leonard C. Jaques, Detroit, Mich., for James Thomas Warren, Joseph Callahan, Paula M. Sexton, Representative of the Estate of Thomas Sexton.

S. Olof Karlstrom, Flint, Mich., for Middle Ground Marina, Inc.

C. Peter Theut, Detroit, Mich., Warren J. Marwedel, Chicago, Ill., for Fireman's Fund Ins.

Henry A. Pominville, Bay City, Mich., for Bay Aggregate, Inc.

Guy R. Greve, Bay City, Mich., for Pier 7, Inc. d/b/a Pier 7.

Kenneth J. Myles, Tawas City, Mich., for Straits Corp., Detroit & Mackinac Ry., Central Michigan Ry., Straits Wood Treating.

William A. Moore, Detroit, Mich., for Warack Trucking, International Materials, Inc., Sargent Dock and Terminal, Inc.

James R. Meyer, Frankenmuth, Mich., for Steven B. Progler.

William C. Schaefer, Cheryl A. Cardelli, Detroit, Mich., for Mohamed Ahmed.

---

Merritt W. Green, II, Traverse City, Mich., for Peter Walton.

James C. Zeman, Detroit, Mich., for Adamo Contracting.

Gerald W. Pergande, Bay City, Mich., for City of Essexville, Mich.

H. Michael Dwan, Saginaw, Mich., for Pier 11, Inc.

## OPINION

DUGGAN, District Judge.

Presently before the Court is Cleveland Tankers, Inc.'s ("Cleveland"), motion to dismiss and/or for partial summary judgment as to the punitive damages claims of plaintiffs, James Thomas Warren, Joseph Callahan, and Paula M. Sexton (as representative of the estate of decedent Thomas Sexton). Plaintiffs have filed a response to such motion. For the reasons which follow, this Court grants Cleveland's motion.[1]

█ Cleveland argues that plaintiffs, who were all regular crewmembers on its vessel, the M/V JUPITER, and thus "seamen" for purposes of the Jones Act, 46 U.S.C.App. § 688, cannot assert punitive damages claims against it in light of the Supreme Court's decision in *Miles v. Apex Marine Corp.*, —— U.S. ——, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990). Accordingly, Cleveland contends, plaintiffs' punitive damages claims against it must be dismissed. This Court agrees.

In *Miles*, a Jones Act seaman died when a fellow crewmember stabbed him on board their employer's vessel. A parent of the decedent sued his employer, the ship's owner, asserting a negligence claim under the Jones Act and a claim of unseaworthiness under general maritime law. As part of the damages claimed, the parent sought loss of society damages, via the unseaworthiness claim. The Supreme Court ruled that such damages were not available, reasoning that since nonpecuniary damages are not available under the Jones

Act, such damages should not be otherwise available under a general maritime law claim for unseaworthiness. *Miles*, 111 S.Ct. at 324–26.

In reaching this result, the Court first discussed the structure of actions available to an injured Jones Act seaman against his employer. The Court noted that the Jones Act provides for a negligence action for the death or injury of a seaman against his employer. *Id.* at 323, 324, 326. Further, the Court noted that a Jones Act seaman, injured or killed in the course of his duties, may maintain an action against his employer under general maritime law for unseaworthiness. *Id.* at 324.

The Court then went on to discuss the remedies available to a seaman proceeding with a Jones Act negligence claim. The Court noted that the Jones Act is based in large part on FELA, and that under FELA, only pecuniary damages are allowed. *Id.* at 325 (citing *Michigan Central R. Co. v. Vreeland*, 227 U.S. 59, 33 S.Ct. 192, 57 L.Ed. 417 (1913)). The Court then concluded that under the Jones Act, only pecuniary damages may be recovered and that, as a result, loss of society damages, nonpecuniary in nature, cannot be recovered in an action under the Jones Act. *Id.*

Importantly, the Court also indicated that a policy of uniformity must be applied in determining the scope of maritime actions and damages provided for under case law as opposed to statutory law. The Court concluded that case law-developed maritime actions which relate to statutory maritime actions, should be consistent with such statutory actions, particularly with regard to the question of recoverable damages for injuries. The Court stated:

> Congress has spoken directly to the question of recoverable damages on the high seas, and "when it does speak directly to a question, the courts are not free to 'supplement' Congress' answer so thoroughly that the [Jones] Act becomes meaningless." (citation omitted) *Mo-*

---

1. Pursuant to Local Rule LR 7.1(e)(2), this Court shall decide the instant motion without oral argument.

ragne [v. States Marine Lines, Inc., 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970),] involved gap-filling in an area left open by statute; supplementation was entirely appropriate. But in an "area covered by the statute, it would be no more appropriate to prescribe a different measure of damages than to prescribe a different statute of limitations, or a different class of beneficiaries." (citation omitted)

Id. 111 S.Ct. at 325. The Court also stated, in commenting upon the statutory law's effect on case-developed maritime rules:

> [L]egislation sends other signals to which an admiralty court must attend. "The legislature does not, of course, merely enact general policies. By the terms of a statute, it also indicates its conception of the sphere within which the policy is to have effect." (citation omitted) Congress, in the exercise of its legislative powers, is free to say "this much and no more." An admiralty court is not free to go beyond those limits.

Id. at 321.

After discussing this policy, and noting that the Jones Act did not provide for nonpecuniary damages such as loss of society damages in a wrongful death claim under the Act, id. at 325, the Court went on to apply the policy to claims for such damages under a general maritime law claim for unseaworthiness. Id. at 326. The Court stated:

> The general maritime claim here alleged that Torregano [the decedent seaman] had been killed as a result of the unseaworthiness of the vessel. It would be inconsistent with our place in the constitutional scheme were we to sanction more expansive remedies in a judicially-created cause of action in which liability is without fault than Congress has allowed in cases of death resulting from negligence. We must conclude that there is no recovery for loss of society in

a general maritime action for the wrongful death of a Jones Act seaman.

\*     \*     \*     \*     \*     \*

> Today we restore a uniform rule applicable to all actions for the wrongful death of a seaman, whether under ..., the Jones Act, or general maritime law.

Id.

*Miles* was decided in the context of a Jones Act seaman (via his parent) suing his employer under the Jones Act for negligence and under general maritime law for unseaworthiness. The claims of plaintiffs in the case at bar are very similar to the claimant's in *Miles*—both claims involve Jones Act seamen suing their employer under related Jones Act and general maritime law unseaworthiness claims and seeking nonpecuniary damages. In this case plaintiffs seek punitive damages; in *Miles*, the claimant sought damages for loss of society. As the Jones Act does not allow recovery for nonpecuniary damages,[2] to allow recovery for the punitive damages sought in the case at bar, via plaintiffs' general maritime law/unseaworthiness claims, would be, in this Court's opinion, inconsistent with *Miles'* ruling disallowing nonpecuniary loss (loss of society) damages under a general maritime law/unseaworthiness claim where such damages are not available under the Jones Act.

Plaintiffs' argument that *Miles* does not control and that their punitive damages claims must be allowed because they have alleged that Cleveland acted willfully and wantonly in failing to maintain a seaworthy vessel is unpersuasive. The cases plaintiffs rely upon to support their position are, for the most part, pre-*Miles*.

The post-*Miles* cases plaintiffs cite for the proposition that general maritime unseaworthiness claims for punitive damages are allowable where willful and wanton negligence on the part of the shipowner is

---

**2.** Specifically, the Jones Act does not allow for recovery of punitive damages. *Kopczynski v. The Jacqueline,* 742 F.2d 555, 560–61 (9th Cir. 1984), *cert. denied,* 471 U.S. 1136, 105 S.Ct. 2677, 86 L.Ed.2d 696 (1985) (since the Jones Act allows for recovery of only pecuniary damages,

punitive damages, as they are nonpecuniary, are not recoverable under the Jones Act). *Cf. Miles,* 111 S.Ct. at 325 (noting that the Jones Act follows FELA and that both Acts do not allow recovery for nonpecuniary damages).

**682**

alleged are unpersuasive.[3] Such cases ignore the central tenet of *Miles* that where Congress has legislated in an area of maritime law, case law-created remedies must be uniform with such legislation. By allowing for punitive damages where the Jones Act does not, such cases run counter to *Miles* and are, in this Court's view, unpersuasive.

Further, several post-*Miles* cases have ruled that no punitive damages are available to seamen pursuing general maritime law claims. *See In the Matter of Mardoc Asbestos Case Clusters*, 768 F.Supp. 595, 597–99 (E.D.Mich.1991) (*Miles* prohibits punitive damage claims by Jones Act seamen asserting claims under the Jones Act and general maritime law against their employer); *Rollins v. Peterson Builders, Inc.*, 761 F.Supp. 943, 948–50 (D.R.I.1991) (disallowing punitive damage claims). *See also Howard v. Atlantic Pacific Marine Corp.*, 1992 WL 55487, at *1–*2, 1992 U.S.Dist. LEXIS 2474, at *2–*5 (E.D.La. Feb. 28, 1992) (discussing various district court rulings on the availability of punitive damages in light of *Miles* and ruling that such damages are not available to Jones Act seamen in general maritime unseaworthiness claims in light of *Miles*).[4]

In sum, this Court concludes that *Miles* bars plaintiffs' claims for punitive damages under their general maritime law claims for unseaworthiness. Accordingly, Cleveland's motion to dismiss such claims must be granted.

An Order consistent with this Opinion shall issue forthwith.

---

**3.** For example, plaintiffs cite to: *Hannon v. Waterman Steamship Corp.*, 1991 WL 88012, 1991 U.S.Dist. LEXIS 6823 (E.D.La. May 22, 1991); *Davis v. Penrod Drilling Corp.*, 1991 WL 264541, 1991 U.S.Dist. LEXIS 17635 (E.D.La. December 4, 1991); and, *Duplantis v. Texaco, Inc.*, 771 F.Supp. 787 (E.D.La.1991).

**4.** *Howard* noted the same three cases cited by plaintiffs in their brief, *Hannon, Davis* and *Duplantis*, and chose not to follow their ruling that punitive damages are still available for unseaworthiness claims of Jones Act seamen in light of *Miles. Howard*, 1992 WL 55487, at *1–*2, 1992 U.S.Dist. LEXIS 2474, at *3–*5.