Richard G. WILLIAMS, Appellant,

v.

PENROD DRILLING CORPORATION, Appellee.

No. 09–91–189 CV.

Court of Appeals of Texas, Beaumont.

Dec. 3, 1992.

Rehearing Denied Jan. 14, 1993.

_____

James W. Mehaffy, Jr., Beaumont, for appellant.

Richard L. Scheer, John W. Bridger, Strong, Pipkin, Nelson & Bissell, Beaumont, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BURGESS, Justice.

This is a Jones Act and unseaworthiness injury case. Richard Williams was injured in two separate accidents while a crew member of an offshore rig. He brought suit against Penrod Drilling Corporation (Penrod) on claims of unseaworthiness, gross negligence and maintenance and cure. The maintenance and cure claims were severed prior to a jury trial on the remaining issues. The jury found negligence/causation as to both accidents and unseaworthiness/causation as to one, but not the other. Jury questions were submitted on the issues of gross negligence and punitive damages. These questions, as originally prepared, were predicated upon unseaworthiness findings, on one or the other accident, i.e., in the disjunctive. However, before the jury retired to deliberate, the trial judge, without informing the attorneys, changed the disjunctive predicate to the conjunctive. Since the jury did not find unseaworthiness as to both accidents, the jury did not address the gross negligence question. The jury verdict was received by the court, on January 18, 1991, without objection from either party. Later, on January 28, 1991, the trial court, attempting to correct the mistake, entered an order which stated, in pertinent part:

1. In the press of trying to get the Court's charge together on the morning of January 18, 1991, and with the Court clerk absent because of illness, the Court mistakenly changed the disjunctive "or" in the predicate on jury question number 6 to the conjunctive "and".

2. Inadvertently, counsel for Plaintiff and Defendant were not advised of this change and therefore had no knowledge of the same nor opportunity to object thereto.

3. The predicate should have been disjunctively dependent upon affirmative answers to jury questions 3 and 4, and the use of the conjunctive was erroneous.

4. A tremendous amount of time and effort were expended by both parties on the issues of actual damages, and it would be a hardship on the parties for the Court to order a retrial as to the entire case, especially as to actual damages.

5. The only satisfactory solution is to sever out the gross negligence/exemplary damages issues, consolidate them into the maintenance and cure issues already severed out, and enter judgment on the general liability/actual damages findings of the jury, being the jury's answers to jury questions numbers 1–5. It is, accordingly,

ORDERED, ADJUDGED and DECREED by the Court that the gross negligence/exemplary damages issues in this case be severed out from the Jones Act/unseaworthiness liability and actual damages parts of this case. The gross negligence/exemplary damages issues shall, moreover, be consolidated into Cause No. D–132,657–A which is the same cause number assigned heretofore for the maintenance and cure issues in

this case. Thus, the gross negligence/exemplary damages issues shall be tried, separately, along with the maintenance and cure issues.

The original action, above entitled, which now includes only the negligence, unseaworthiness, and actual damages issues, is now ripe for judgment.

The trial court, the same date, then entered a judgment based upon the jury's verdict as to actual damages. No appeal has been taken from that judgment. Thereafter, on February 21, 1991, Penrod filed, in the severed action, an instrument entitled "Motion for Judgment and, in the First Alternative, Motion for Judgment Non Obstante Veredicto, and, in the Second Alternative, Motion for Directed Verdict, and, in the Third Alternative, Motion for Summary Judgment". On April 1, 1991, the trial judge entered a judgment granting Penrod's motion and ordering that Williams take nothing by way of exemplary damages. The court, on April 16, 1991, then signed an order severing the maintenance and cure issues from the exemplary damage issues.

Williams appeals from the April 1, 1991 judgment, made final by the April 16, 1991 severance, and urges six points of error.

Points of error number one and two complain of the trial court's changing the charge in the original jury trial. The trial court's order of January 28, 1991, renders these issues moot. That order had the effect of setting aside the jury trial on the issues of gross negligence and exemplary damages. Clearly that was the trial court's intent, when it stated: "the gross negligence/exemplary damages issues shall be tried, separately, along with the maintenance and cure issues". Consequently, as of that date, the parties were back in the same position, on the issues of gross negligence, exemplary damages and maintenance and cure, as before the jury trial. Penrod advances numerous arguments on this issue, but the trial court's intent is clear and the fact remains that Penrod did not perfect any appeal from that January 28, 1991 order.

The remaining points of error all concern the take nothing judgment, as to exemplary damages, entered on April 1, 1991. Penrod again advances numerous arguments that this judgment is based upon any one of the first three alternatives in their motion. These arguments are without merit since those alternatives relate back to the jury trial. That trial was disposed of in the January 28, 1991 order. The April 1, 1991 judgment was beyond the court's 30–day plenary power jurisdiction. Therefore, the April 1, 1991 judgment must necessarily be based solely upon the Motion for Summary Judgment alternative. This gets us to the crux of the matter: are punitive damages precluded, as a matter of law, under the circumstances of this case?

 Punitive damages are not recoverable under the Jones Act. *Bergen v. F/V St. Patrick*, 816 F.2d 1345, 1347 (9th Cir. 1987), *rehearing granted in part on other grounds*, 866 F.2d 318 (9th Cir.), *cert. denied sub nom. Kidd v. F/V St. Patrick*, 493 U.S. 871, 110 S.Ct. 200, 107 L.Ed.2d 154 (1989).[1] Neither the United States Supreme Court nor the United States Court of Appeals for the Fifth Circuit has directly addressed the issue. The Supreme Court has said that non-pecuniary damages, such as loss of society, are not available under general maritime law in death cases. *Miles v. Apex Marine Corp.*, 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990). The Fifth Circuit has extended the holding of *Miles* to non-death cases. *Michel v. Total Transportation, Inc.*, 957 F.2d 186 (5th Cir.1992) (loss of consortium); *Murray v. Anthony J. Bertucci Const. Co., Inc.*, 958 F.2d 127 (5th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 190, 121 L.Ed.2d 134, 61 U.S.L.W. 3260 (Oct. 5, 1992) (loss of society). However, the Fifth Circuit has not addressed the issue of punitive damages since it held they were recoverable under general maritime law in *Complaint of Merry Shipping, Inc.*, 650 F.2d 622 (5th Cir.1981). Several United States District Courts have extended *Miles* and held that punitive damages are not recoverable when

---

1. Williams acknowledges this in his brief.

recovery is based upon unseaworthiness under general maritime law. *Complaint of Aleutian Enterprise, Ltd.*, 777 F.Supp. 793 (W.D.Wash.1991); *In re Mardoc,* 768 F.Supp. 595 (E.D.Mich.1991). *Compare Duplantis v. Texaco, Inc.*, 771 F.Supp. 787 (E.D.La.1991) (punitive damages allowed for willful and wanton conduct). The Fifth Circuit has yet to overrule *Complaint of Merry Shipping, Inc.*, 650 F.2d at 622.[2] Until they do so, we consider it precedent.

The trial court erred in entering the take-nothing judgment.[3] The cause is reversed and remanded for a trial on the merits.

REVERSED AND REMANDED.

---

**2.** The United States District Courts within the Fifth Circuit are divided on the issue. Some are holding that *Miles,* 498 U.S. at ——, 111 S.Ct. at 317, 112 L.Ed.2d at 275, should be extended and are not allowing punitive damages, while others are following *Complaint of Merry Shipping, Inc.*

**3.** The trial court may ultimately be correct if the Fifth Circuit overrules *Complaint of Merry Shipping, Inc.*