**PENROD DRILLING CORPORATION, Petitioner,**

v.

**Richard G. WILLIAMS, Respondent.**

No. D–3430.

Supreme Court of Texas.

June 16, 1993.

Rehearing Overruled Sept. 29, 1993.

---

Richard L. Scheer, Beaumont, for petitioner.

James W. Mehaffy, John D. McElroy, Beaumont, for respondent.

PER CURIAM.

In this case we must determine whether punitive damages are available in an unseaworthiness action brought by a Jones Act seaman under general maritime law. In addressing such a claim, the court of appeals reversed a take nothing judgment against Respondent Richard Williams, holding that punitive damages were recoverable by Jones Act seamen in unseaworthiness actions. 845 S.W.2d 349. Based on the weight of federal precedent, we reverse and render judgment that Williams take nothing.

Respondent Richard Williams was injured in two separate incidents while employed as a welder on one of Petitioner Penrod's offshore oil rigs in the Gulf of Mexico. Williams sought recovery for his injuries, asserting a negligence theory under the Jones Act, 46 U.S.C.App. § 688 (1988),[1] breach of warranty of seaworthiness under general maritime law, and maintenance and cure. The maintenance and cure claims were severed prior to jury trial on the remaining issues. Williams further sought punitive damages for gross negligence and/or wanton or willful breach of warranty of seaworthiness.

The trial court rendered a take nothing judgment against Williams on his punitive damage claims.[2] The court of appeals re-

1. The Jones Act provides:

Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such actions all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury shall apply; and in cases of death of any seaman as a result of any such personal injury the personal representative of the seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes conferring or regulating the right of action for death in the case of railway employees shall be applicable....

*Id.* Penrod stipulated that Williams was a "seaman" on a vessel at the time of his injuries.

2. The procedural history of this case is rather convoluted. After the trial court severed out the maintenance and cure claim, the parties went to jury trial on the Jones Act negligence, unseaworthiness, and punitive damage claims. The jury found that Penrod's negligence proximately caused both incidents in which Williams was injured, but found that an unseaworthy condition on the rig proximately caused only the first incident (Question 3) and not the second (Question 4). It further found actual damages of $300,000.

Jury questions were also submitted on the issue of gross negligence due to unseaworthiness. As originally prepared, Question 6, which inquired as to whether Penrod's supervisory personnel acted with gross negligence, was to be answered only if the jury answered *either* question 3 or 4 in the affirmative. However, before the jury retired to deliberate, the trial court, without informing the attorneys, changed the instruction to make Question 6 conditional upon an affirmative answer to *both* Question 3 & 4. Hence, because the jury answered Question 4 in the negative, it never reached the punitive damages issue.

At the time the verdict was read by the court, the parties were still unaware of the court's alterations to the charge. After Williams learned of these alterations, he filed a motion to sever out the gross negligence/punitive damages claim and to consolidate it with the pending maintenance and cure claim. The court, admitting that it had erred, granted this motion on January 28, 1991 and entered an order accordingly. It then proceeded to render judgment in Williams' favor on the negligence, unseaworthiness, and actual damages issues. Penrod did not appeal this judgment or the severance order.

On February 21, Penrod filed a "Motion for Judgment and, in the First Alternative, Motion for Judgment Non Obstante Veredicto, and, in the Second Alternative, Motion for Directed Ver-

versed, holding that while punitive damages were not recoverable under the Jones Act, such could be recovered in an unseaworthiness action under general maritime law. 845 S.W.2d 349, 351. It acknowledged that in *Miles v. Apex Marine Corp.*, 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990), the United States Supreme Court held that "nonpecuniary" damages, such as loss of society, were not recoverable by Jones Act seamen, and that a number of lower federal courts have since extended the rationale of *Miles* to bar recovery of punitive damages by Jones Act seamen in unseaworthiness actions. 845 S.W.2d at 351-52 (citing *Complaint of Aleutian Enterprise, Ltd.*, 777 F.Supp. 793 (W.D.Wash.1991) and *In re Mardoc*, 768 F.Supp. 595 (E.D.Mich.1991)). Nevertheless, the court of appeals looked only to the sole Fifth Circuit precedent on the precise issue, *Complaint of Merry Shipping, Inc.*, 650 F.2d 622 (5th Cir.1981), a decision predating *Miles* which held that punitive damages were recoverable in such actions. It explained that until the Fifth Circuit overruled *Merry Shipping*, they would "consider it precedent," 845 S.W.2d at 352, and added in a footnote that "the trial court may ultimately be correct if the Fifth Circuit overrules *Complaint of Merry Shipping, Inc.*" *Id.* at 352 n. 3.

■■■ We disagree with both the court of appeals' result and what appears to be the methodology that led it to that result. The court of appeals' discussion of *Merry Shipping* and its cursory dismissal of contrary federal precedent from other jurisdictions suggests that the court felt bound by the pronouncements of the Fifth Circuit on federal law issues. This is not the case. While Texas courts may certainly draw upon the precedents of the Fifth Circuit, or any other federal or state court, in determining the appropriate federal rule of decision, they are *obligated* to follow only higher Texas courts and the United States Supreme Court. *See*

*Mohamed v. Exxon Corp.*, 796 S.W.2d 751, 753-54 (Tex.App.—Houston [14th Dist.] 1990, writ denied); *Turner v. PV Int'l Corp.*, 765 S.W.2d 455, 470 (Tex.App.—Dallas 1988), writ denied per curiam on other grounds, 778 S.W.2d 865 (Tex.1989); *Barstow v. State*, 742 S.W.2d 495, 500-01 & n. 2 (Tex.App.—Austin 1987, writ denied); *Summertree Venture III v. Federal Sav. & Loan Ins. Corp.*, 742 S.W.2d 446, 450 (Tex.App.—Houston [14th Dist.] 1987, writ denied).

By focusing so exclusively on *Merry Shipping*, the court of appeals overlooks the implications of *Miles* and the weight of intervening federal court decisions from other jurisdictions. In *Miles*, the parent of a Jones Act seaman who died while on his employer's vessel brought a negligence claim under the Jones Act and an unseaworthiness claim under general maritime law. The parent sought loss of society damages under the unseaworthiness claim; such damages were not recoverable under the Jones Act. The United States Supreme Court ultimately held that since "nonpecuniary" damages, such as those for loss of society, were not made available under the Jones Act, they should not be made available under general maritime law. 498 U.S. at 31-33, 111 S.Ct. at 325-26. The Court reasoned that:

> It would be inconsistent with our place in the constitutional scheme were we to sanction more expansive remedies in a judicially created cause of action in which liability is without fault [ (namely, unseaworthiness) ] than Congress has allowed in cases of death resulting from negligence.

*Id.*, at 32, 111 S.Ct. at 326.

The rationale of *Miles* compels its extension to the present case, a Jones Act seaman's claim for *punitive* damages in an unseaworthiness action arising from *nonfatal* injuries. First, as the court of appeals acknowledges, punitive damages, like the loss of society damages in *Miles*, have been

dict, and, in the Third Alternative, Motion for Summary Judgment." On April 1, the trial court granted the motion without specifying the grounds therefor or which of Penrod's alternative motions it was ruling on, and rendered a take nothing judgment on the exemplary damage issues. Then, on April 16, it severed out those issues from the maintenance and cure claim, effectively making its judgment on punitive dam-

ages final. The present appeal emanates from this judgment.

Penrod now raises several points of error concerning the effect of the January 28 order and whether Williams properly preserved error at trial. We neither approve nor disapprove the court of appeals' disposition of these issues, as they do not affect our ultimate result.

deemed "nonpecuniary" for purposes of the Jones Act and hence unavailable under that statute. *See, e.g., Kopczyknski v. The Jacqueline*, 742 F.2d 555, 560–61 (9th Cir.1984), *cert. denied,* 471 U.S. 1136, 105 S.Ct. 2677, 86 L.Ed.2d 696 (1985).[3] Accordingly, a number of courts have relied on *Miles* in barring punitive damages in wrongful death/unseaworthiness actions involving Jones Act seamen. *See Miller v. American President Lines Ltd.,* 989 F.2d 1450 (6th Cir.1993); *Matter of Waterman S.S. Corp.,* 780 F.Supp. 1093, 1095–96 (E.D.La.1992); *Haltom v. Lykes Bros. Steamship Co., Inc.,* 771 F.Supp. 179, 181 (E.D.Tex.1991); *Rollins v. Peterson Builders, Inc.,* 761 F.Supp. 943, 948 (D.R.I. 1991); *Sky Cruises, Ltd. v. Andersen,* 592 So.2d 756 (Fla.App.1992), *rev. denied,* 610 So.2d 551 (Fla.1992), *cert. denied,* — U.S. —, 113 S.Ct. 466, 121 L.Ed.2d 374.

Second, there is no reason why the Supreme Court's expressed concern with uniformity and consistency between general maritime law and the Jones Act in the context of a wrongful death action would not likewise extend to claims involving non-fatal injuries. If Congress has precluded recovery for "nonpecuniary" damages under the Jones Act, we should be no less hesitant to circumvent that intent by authorizing such recoveries through unseaworthiness claims in non-death cases than the United States Supreme Court was in *Miles*. Reflecting this rationale, a number of courts have extended *Miles* beyond the wrongful death context to bar loss of society or loss of consortium damages in unseaworthiness actions by Jones Act seamen involving nonfatal injuries. *See, e.g., Murray v. Anthony J. Bertucci Const.*

*Co., Inc.,* 958 F.2d 127, 131 (5th Cir.1992), *cert. denied,* — U.S. —, 113 S.Ct. 190, 121 L.Ed.2d 134; *Michel v. Total Transp., Inc.,* 957 F.2d 186, 191 (5th Cir.1992); *Breland v. Western Oceanic, Inc.,* 755 F.Supp. 718, 719 (E.D.La.1991).

Accordingly, a number of courts have applied *Miles* to bar punitive damages in unseaworthiness cases involving nonfatal injuries. *See La Voie v. Kualoa Ranch and Activity Club, Inc.,* 797 F.Supp. 827, 829–31 (D.Haw. 1992); *Anderson v. Texaco, Inc.,* 797 F.Supp. 531, 535 (E.D.La.1992); *Petition of Cleveland Tankers, Inc.,* 791 F.Supp. 679, 680–82 (E.D.Mich.1992); *In the Matter of the Complaint of Aleutian Enter., Ltd.,* 777 F.Supp. 793, 795–96 (W.D.Wash.1991); *In the Matter of the Mardoc Asbestos Case Clusters 1, 2, 5, and 6,* 768 F.Supp. 595, 597 (E.D.Mich.1991). To date, only one reported decision has limited *Miles* either as to the types of damages it bars or as to the types of injuries to which it applies.[4] *See Mistich v. Pipelines, Inc.,* 609 So.2d 921 (La.App.1992), *rev. denied,* 613 So.2d 996 (*Miles* did not bar punitive damages in wrongful death/unseaworthiness action).

For these reasons, pursuant to Rule 170, TEX.R.APP.P., without hearing oral argument, a majority of this court grants the application for writ of error, reverses the judgment of the court of appeals, and renders judgment that Williams take nothing on his punitive damage claims.

---

**3.** Further support for this result is derived from judicial interpretations of the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 et seq. Throughout its references to "railway employees," *see supra* note 1, the Jones Act incorporates the rights and remedies available to railway workers under the FELA. *See, e.g., Miles,* 498 U.S. at 32, 111 S.Ct. at 325. It has long been held that "nonpecuniary" damages are not available under the FELA, *see, e.g., id.; Michigan Central R.R. Co. v. Vreeland,* 227 U.S. 59, 71–72, 33 S.Ct. 192, 196, 57 L.Ed. 417 (1913), and "nonpecuniary" damages under the FELA have been held to include punitive damages. *See, e.g., Kozar v. Chesapeake and Ohio Railway Co.,* 449 F.2d 1238, 1243 (6th Cir.1971) ("there is not a single case since the enactment of the FELA in

1908 in which punitive damages have been allowed").

**4.** The issue analyzed here should not be confused with the questions, decided in the negative in some reported cases, as to whether *Miles* bars punitive or other nonpecuniary damages in cases *not* involving Jones Act seamen, or in suits by Jones Act seamen against someone other than their employer, *see Mussa v. Cleveland Tankers,* 802 F.Supp. 88, 89–90 (E.D.Mich.1992), or on the issue of whether *Miles* extends to general maritime law causes of action other than unseaworthiness. *See Ridenour v. Holland Am. Line Westours, Inc.,* 806 F.Supp. 910, 910–11 (W.D.Wash.1992); *Duplantis v. Texaco,* 771 F.Supp. 787 (E.D.La.1991).