NO. 12-08-00154-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




§
 

IN RE: ROBERT W. FROST,

RELATOR
§
 ORIGINAL PROCEEDING


§
 






MEMORANDUM OPINION


 Robert W. Frost seeks a writ of mandamus requiring the trial court to vacate its March 27,
2008 order granting the motion to disqualify counsel filed by Cynthia R. Frost. (1) We conditionally
grant the writ.

Background


 Robert and Cynthia were married on June 10, 1995, and Robert filed for divorce on
November 13, 2007. During the course of discovery, Robert inquired whether any document
described in a request for production had been lost or destroyed. Cynthia responded that all financial
and tax information dated prior to January 1, 2000 had been destroyed in early 2006. However,
Robert recalled that files containing financial documents dated earlier than January 1, 2000 were
located at the Frosts' Tyler residence, which Cynthia occupies.

 Robert learned that Cynthia planned a trip out of state. After Cynthia left for her trip, Robert
hired a locksmith and entered Cynthia's residence to search for the documents she said had been
destroyed. Robert was accompanied by his lawyer, J. Bennett White, and his lawyer's legal
assistant. (2) While they were inside the residence, Robert made still photographs and White's legal
assistant made a videotape of the contents of the residence. Robert located some of the documents
Cynthia had said were destroyed and removed some documents and personal items from the
residence. Several days later, Robert filed a motion requesting sanctions for Cynthia's failure to
produce the documents he had found. Cynthia then filed a motion to disqualify White alleging that
he could not continue to represent Robert because his and his legal assistant's entry into Cynthia's
residence "makes [them] material witnesses since [Robert's] pleadings assert fraud and concealment
of assets." (3) Cynthia also alleged that White was disqualified because he had previously represented
Robert and Cynthia in a civil matter and "did not secure [Cynthia's] prior consent to represent
[Robert] in a matter adverse to her interest." (4)

 On March 27, 2008, the trial court conducted a hearing on Cynthia's motion to disqualify. 
At the conclusion of the hearing, the trial court ruled that White was disqualified, but declined to
state a reason for its ruling. On the same date, the court signed an order granting the motion to
disqualify without specifying the reason for its ruling. Robert then filed a petition for writ of
mandamus and a motion for emergency relief in this court. We granted the motion for emergency
relief and stayed the trial court proceedings pending disposition of Robert's petition for writ of
mandamus. We later modified the stay to permit the trial court to conduct a hearing on issues
relating to enforcement and to grant specific injunctive relief, if necessary, to preserve and protect
the community estate.

Availability of Mandamus


 Mandamus will issue to correct a clear abuse of discretion only if the relator lacks an
adequate appellate remedy. Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992). A trial court
abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear
and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. In re Cerberus
Capital Mgmt., L.P., 164 S.W.3d 379, 382 (Tex. 2005). This standard has different applications in
different circumstances. Walker, 827 S.W.2d at 839. When reviewing the trial court's resolution
of factual issues or matters committed to its discretion, we may not substitute our judgment for that
of the trial court. Id. Thus, we cannot set aside the trial court's finding unless it is clear from the
record that the trial court could have reached only one decision. In re Nitla S.A. De C.V., 92 S.W.3d
419, 422 (Tex. 2002). Our review of the trial court's determination of the legal principles controlling
its ruling is much less deferential. Walker, 827 S.W.2d at 849. This is because a trial court has no
discretion in determining what the law is or applying the law to the facts. Id.

 Ordinarily, the relator has the burden to establish both prerequisites to mandamus relief. 
Canadian Helicopters Ltd. v. Wittig, 876 S.W.2d 304, 305 (Tex. 1994). However, it is well settled
that disqualification of counsel renders remedy by appeal inadequate. Cerberus, 164 S.W.3d at 382;
NCNB Tex. Nat'l Bank v. Coker, 765 S.W.2d 398, 400 (Tex. 1989). Consequently, the only issue
we must consider is whether the trial court abused its discretion by disqualifying White. See Nitla,
92 S.W.3d at 423.

Disqualification of Counsel


 "Disqualification of counsel is a severe remedy." Spears v. Fourth Court of Appeals, 797
S.W.2d 654, 656 (Tex. 1990). It can result in immediate and palpable harm, disrupt trial court
proceedings, and deprive a party of the right to have his counsel of choice. Nitla, 92 S.W.3d at 422. 
Nevertheless, the trial court has not only the power but also the duty to disqualify counsel when
representation of the client is prohibited by the Texas Disciplinary Rules of Professional Conduct. 
See Ayres v. Canales, 790 S.W.2d 554, 557 n.2 (Tex. 1990). In considering a motion to disqualify,
the trial court must strictly adhere to an exacting standard to discourage a party from using the
motion as a dilatory trial tactic. Nitla, 92 S.W.3d at 422. The burden is on the movant to establish
with specificity a violation of one or more of the disciplinary rules. Spears, 797 S.W.2d at 656. 
Mere allegations of unethical conduct or evidence showing a remote possibility of a violation of the
disciplinary rules will not suffice to merit disqualification. Id. 


Lawyer as Witness

 Rule 3.08 of the Texas Disciplinary Rules of Professional Conduct provides in part as
follows:

 (a) A lawyer shall not accept or continue employment as an advocate before a tribunal in a
contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer is
or may be a witness necessary to establish an essential fact on behalf of the lawyer's client, unless:


 (1) the testimony relates to an uncontested issue; 


 (2) the testimony will relate solely to a matter of formality and there is no reason to
believe that substantial evidence will be offered in opposition to the testimony;


 (3) the testimony relates to the nature and value of legal services rendered in the case;


 (4) the lawyer is a party to the action and is appearing pro se; or

 

 (5) the lawyer has promptly notified opposing counsel that the lawyer expects to
testify in the matter and disqualification of the lawyer would work substantial
hardship on the client. 


Tex. Disciplinary R. Prof'l Conduct 3.08(a). Rule 3.08 was promulgated as a disciplinary
standard rather than one of procedural disqualification. Ayres, 790 S.W.2d at 556 n.2; see also Tex.
Disciplinary R. Prof'l Conduct 3.08, cmt. 9, reprinted in Tex. Gov't Code Ann., tit. 2, subtit.
G app. A (Vernon 2005) ("Rule 3.08 sets out a disciplinary standard and is not well suited to use as
a standard for procedural disqualification."). But the rule provides guidelines relevant to a
procedural disqualification determination, and a trial court order that disqualifies a lawyer in order
to prevent violation of Rule 3.08 is appropriate when warranted. Ayres, 790 S.W.2d at 556 n.2. 

 Under Rule 3.08, the fact that a lawyer serves as both advocate and witness does not in itself
compel disqualification. Tex. Disciplinary R. Prof'l Conduct 3.08(a); In re Sanders, 153
S.W.3d 54, 57 (Tex. 2004). Moreover, Rule 3.08 should rarely be the basis for disqualification. In
re Chu, 134 S.W.3d 459, 464 (Tex. App.-Waco 2004, orig. proceeding); May v. Crofts, 868 S.W.2d
297, 399 (Tex. App.-Texarkana 1993, orig. proceeding). Thus, the party moving for disqualification
must present evidence that the testimony of the lawyer is necessary and that it goes to an essential
fact of the nonmovant's case. In re Chu, 134 S.W.3d at 464. The movant must also demonstrate
that the opposing lawyer's dual roles as advocate and witness will cause the movant actual prejudice. 
Sanders, 153 S.W.3d at 57; see also Tex. Disciplinary R. Prof'l Conduct 3.08, cmt. 10 ("[Rule
3.08] may furnish some guidance in those procedural disqualification disputes where the party
seeking disqualification can demonstrate actual prejudice to itself resulting from the opposing
lawyer's service in the dual roles."). 

 At the hearing on the motion to disqualify, Cynthia's lawyer presented a portion of Robert's
video deposition and called White and his legal assistant as witnesses. During the deposition and
live testimony, he inquired about such matters as White's reasons for accompanying Robert to
Cynthia's residence; the purpose of their entry; the sequence and details of events that occurred after
Robert, White, and White's legal assistant arrived at the residence; and the nature and present
location of the documents taken from the residence. He also attempted, albeit unsuccessfully, to
elicit from White a concession that White would be a necessary witness on Robert's behalf in future
proceedings. Robert contends that this testimony did not show Cynthia would suffer actual prejudice
from White's service as both advocate and witness. We agree. 

 Nothing in the testimony presented pertains to whether Cynthia would suffer actual prejudice. 
Cynthia's lawyer argued that White was disqualified because his testimony related to an "essential
ingredient" of the fraud allegations. He also argued that White's testimony was necessary because
White himself had said that his presence in the residence was necessary in case Robert was accused
of taking or destroying something while he was there. However, he did not argue that actual
prejudice to Cynthia would occur if White served as both advocate and witness.

 In this proceeding, Cynthia concedes that Sanders and its progeny require proof of "harm." 
She then maintains that she has suffered "procedural harm" because Robert and White withheld the
documents Robert removed from her residence in clear violation of the discovery rules and "real
harm" because her home was invaded. However, this "harm" relates to the conduct that precipitated
the motion to transfer, not to White's service as both advocate and witness before the trial court. To prevail on her motion to disqualify White under Rule 3.08, Cynthia had the burden to
show that White's testimony was necessary to establish an essential fact on Robert's behalf and that
she would suffer actual prejudice resulting from White's service in the dual roles. See Tex.
Disciplinary R. Prof'l Conduct 3.08(a) & cmt. 10; Sanders, 153 S.W.3d at 57. She made no
showing of actual prejudice and therefore failed to meet her burden in the trial court. Consequently,
the trial court could not have reasonably concluded that White is disqualified under Rule 3.08. (5)

Prior Representation

 As pertinent to the issues before us, Rule 1.09 of the Texas Disciplinary Rules of Professional
Conduct provides that 

 (a) [w]ithout prior consent, a lawyer who personally has formerly represented a client in a matter shall
not thereafter represent another person in a matter adverse to the former client:


 . . . .

 

 (2) if the representation in reasonable probability will involve a violation of Rule
1.05 [relating to revealing or using confidential information]; or


 (3) if it is the same or a substantially related matter.


Tex. Disciplinary R. Prof'l Conduct 1.09(a). Rule 1.09 does not absolutely prohibit a lawyer
from representing a client in a matter adverse to a former client. See Tex. Disciplinary R. Prof'l
Conduct 1.09(a); see also Tex. Disciplinary R. Prof'l Conduct 1.09, cmt. 3, reprinted in Tex.
Gov't Code Ann., tit. 2, subtit. G app. A (Vernon 2005) ("[P]aragraph (a) does not absolutely
prohibit a lawyer from representing a client against a former client, . . .). Instead, it prohibits the
adverse representation, except with prior consent, where the party seeking disqualification shows the
existence of any of the three circumstances enumerated in subparagraph (a). See Tex. Disciplinary
R. Prof'l Conduct 1.09(a) & cmt. 3. 

 At the hearing on the motion to disqualify, Cynthia's lawyer admitted that White's earlier
representation of Cynthia "was on a different issue or something." (6) In this proceeding, Cynthia states
that she does not contend the two matters are substantially related. Nor has she asserted, either in
the trial court or here, that White's continued representation of Robert will, in reasonable probability,
involve a violation of Rule 1.05. Instead, she points to White's testimony about a conversation he
had with her regarding whether Cynthia and Robert wanted White to represent them at the next stage
of the prior matter. White testified that he remembered Cynthia's "telling [him] that she had
confidence in her husband's ability to handle these kind of things. He was really good with it." 
Cynthia urges that 


 [from this conversation, White] learned that [she] doesn't handle litigation as well as [Robert]. 
Considering [Robert's] spending up to this point, it is crystal clear that Mr. Frost intends to exploit
this. And since his counsel has participated in an unwarranted entry into [Cynthia's] home, he bears
that knowledge as well.


 We are not persuaded that White's testimony supports the conclusions Cynthia has drawn
from it. More importantly, Cynthia has not argued or shown that any of the circumstances
enumerated in Rule 1.09 exist. In the trial court, she contended that White's position was "so
adversarial against a former client" that he should be disqualified. Her argument here seems to relate
solely to the adverse representation element. Because she has shown only that White's
representation of Robert is adverse to her, she has not established that White is disqualified under
Rule 1.09. Consequently, the trial court could not have reasonably concluded that White is
disqualified under Rule 1.09.

Conclusion


 Based upon our review of the record, we hold that the trial court abused its discretion in
granting Cynthia's motion to disqualify White. Accordingly, we lift our April 21, 2008 stay as
modified and conditionally grant mandamus relief. We trust that, within fifteen days from the date
of this opinion and corresponding order, the trial court will vacate its March 27, 2008 order granting
Cynthia's motion to disqualify White and issue an order denying the motion. The writ will issue
only if it fails to do so. The trial court shall furnish this court, within the time of compliance with
this court's opinion and order, a certified copy of the order evidencing such compliance. 


 BRIAN HOYLE 

 Justice


Opinion delivered May 21, 2008.

Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.





(PUBLISH)
1. The respondent is the Honorable Thomas A. Dunn, Judge of the County Court at Law, Smith County, Texas.
2. The Frosts also owned a residence in Pagosa Springs, Colorado, which Robert occupied. The trial court had
not entered any order awarding either spouse exclusive control of either residence, and the standing temporary orders
prohibited each spouse from excluding the other from access to any residence. It is undisputed, however, that Cynthia
had exclusive possession of the Tyler residence, that she had changed the locks, that Robert did not have a key, and that
Cynthia had not given Robert permission to enter the residence.
3. See Tex. Disciplinary R. Prof'l Conduct 3.08(a), reprinted in Tex. Gov't Code Ann., tit. 2, subtit. G app.
A (Vernon 2005). 
4. See Tex. Disciplinary R. Prof'l Conduct 1.09(a), reprinted in Tex. Gov't Code Ann., tit. 2, subtit. G app.
A (Vernon Supp. 2007).
5. Robert also argues that Cynthia did not establish White's testimony is necessary to establish an essential fact
on Robert's behalf. Because we have concluded that Cynthia did not prove actual prejudice, we need not address
whether she made the requisite showing of necessity. 
6. White represented the Frosts and another couple in a protest to a zoning change sought by an individual who
wanted to build a nursing home on a lot that backed up to the cul-de-sac on which the Frosts' Tyler residence is located.