**MARITIME OVERSEAS CORPO-RATION and Transbulk Car-riers, Inc., Petitioners**

v.

**Thomas C. WAITERS, Respondent.**

**No. 95–0678.**

Supreme Court of Texas.

Argued Nov. 29, 1995.

Decided Feb. 9, 1996.

Jeffrey R. Bale and Robert L. Klawetter, Houston, for Petitioners.

Harold Eisenman, Houston and Walter Steinman, Bala Cnwyd, PA, for Respondent.

Justice ENOCH delivered the opinion of the Court.

The sole issue in this admiralty case is whether punitive damages are recoverable under general maritime law for willful and arbitrary failure to pay maintenance and cure. Because we conclude that punitive damages are not recoverable in such claims, we modify the judgment of the court of appeals, —— S.W.2d ——, to delete the award of punitive damages and, as modified, we affirm.

Thomas C. Waiters, a steward's assistant aboard the *Overseas Marilyn*, injured his back when he fell down some stairs on the ship. Maritime Overseas Corporation paid for Waiters' maintenance and cure from April 1989 to late June 1989. Maritime did not pay maintenance and cure from late June 1989 to August 1989. Waiters later rein-jured his back twice. Maritime paid mainte-

nance and cure as requested for the first of these two later injuries, but did not for the last injury.

Waiters sued Maritime under the Jones Act for negligence and under general maritime law for unseaworthiness and maintenance and cure. The jury found for Maritime on the issues of negligence and unseaworthiness but for Waiters on his general maritime claim for maintenance and cure. The jury also found that Maritime's failure to pay maintenance and cure was willful, arbitrary, and capricious. The jury awarded Waiters $4,453 in compensatory damages, prejudgment interest, and $10,000 in punitive damages. The trial court rendered judgment on the jury's verdict. The court of appeals eliminated the award of prejudgment interest, but otherwise affirmed the judgment as reformed. —— S.W.2d ——. Waiters has not appealed in this Court the elimination of the award of prejudgment interest.

■ Maintenance and cure entitles a seaman who is injured or becomes ill while in the service of a ship to food, lodging, and necessary medical services. *Vaughan v. Atkinson,* 369 U.S. 527, 531, 82 S.Ct. 997, 999, 8 L.Ed.2d 88 (1961); *Guevara v. Maritime Overseas Corp.,* 59 F.3d 1496, 1499 (5th Cir. 1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 706, 133 L.Ed.2d 662 (1996). A shipowner must pay an injured or ill seaman maintenance and cure regardless of whether the shipowner was at fault or whether the ship was unseaworthy. *Guevara,* 59 F.3d at 1499. The United States Supreme Court has held that an injured or ill seaman may recover attorney's fees for the willful failure to pay maintenance and cure. *Vaughan,* 369 U.S. at 533–34, 82 S.Ct. at 1001.

■ In this case, Waiters waived his right to an award of attorney's fees. Rather, Waiters specifically opted to seek punitive damages, relying on *Holmes v. J. Ray McDermott & Co.,* 734 F.2d 1110 (5th Cir. 1984). However, the United States Court of Appeals for the Fifth Circuit recently overruled *Holmes* and held that punitive damages are not recoverable in general maritime law actions for maintenance and cure. *Guevara,* 59 F.3d at 1513. Although not obligated to follow Fifth Circuit precedent, *Penrod Drilling Corp. v. Williams,* 868 S.W.2d 294, 296 (Tex.1993), we find *Guevara* an accurate statement on the recovery of nonpecuniary damages, including punitive damages, under general maritime law and the precedents of the United States Supreme Court.

In *Miles v. Apex Marine Corp.,* 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990), the Supreme Court held that nonpecuniary damages for loss of society were not recoverable under a general maritime wrongful death claim for unseaworthiness. With an eye toward establishing uniformity in maritime law, the Court reasoned that such damages should not be recoverable in an unseaworthiness action because nonpecuniary damages are not available for the same injuries under the Jones Act. *Id.,* at 31–33, 111 S.Ct. at 325–26. The Court refused to sanction more expansive remedies in a judicially created cause of action in which liability was without fault than Congress had allowed in cases of death resulting from negligence. *Id.* at 32, 111 S.Ct. at 325.

Punitive damages, like loss of society damages, are nonpecuniary losses and are not recoverable in Jones Act claims. *Penrod,* 868 S.W.2d at 296–97. To award punitive damages in maintenance and cure claims involving personal injuries would be inconsistent with remedies for those injuries available under the Jones Act. *Guevara,* 59 F.3d at 1512. Although there may be claims for maintenance and cure that do not involve any personal injury for which there is no Jones Act analogue, it would be unwise to create different remedies for classes of maintenance and cure claims. Claims for maintenance and cure when the seaman suffers only a monetary loss are contractual in nature. *Cortes v. Baltimore Insular Line,* 287 U.S. 367, 371–73, 53 S.Ct. 173, 174–75, 77 L.Ed. 368 (1932). As the Fifth Circuit stated:

> [I]t seems peculiar to deny punitive damages to a seaman who suffers personal injury because of a willful failure to pay maintenance and cure, but to allow the possibility of a punitive recovery for a seaman who suffers only a monetary loss.

*Guevara,* 59 F.3d at 1513. In addition, because punitive damages are not recoverable for breach of contract, it would be anomalous to permit recovery of punitive damages in maintenance and cure claims without personal injury when the obligation to pay is contractual in nature. *Id.*

Following *Miles,* this Court rejected Fifth Circuit precedent and held that *Miles* precluded the recovery of punitive damages in general maritime claims for unseaworthiness. *Penrod,* 868 S.W.2d at 296–97. We rejected *Complaint of Merry Shipping, Inc.,* 650 F.2d 622 (5th Cir.1981), in which the Fifth Circuit held punitive damages were recoverable in unseaworthiness claims, as predating *Miles.* The Fifth Circuit now acknowledges that *Miles* effectively overruled *Merry Shipping* and that *Merry Shipping* is no longer good law. *Guevara,* 59 F.3d at 1507. We see no reason why a claim for punitive damages arising from a general maritime law action for maintenance and cure would warrant remedies different than are available in general maritime law claims for unseaworthiness. *Guevara* brings the Fifth Circuit into line with the precedents of this Court and the United States Supreme Court. It reflects the aspirations of and engenders the uniformity sought in *Miles* for the recovery of nonpecuniary damages under maritime law.

We hold that punitive damages are not recoverable in general maritime law actions for the willful and arbitrary failure to pay maintenance and cure. We modify the judgment of the court of appeals to delete the award of punitive damages. As modified, we affirm the remainder of the judgment of the court of appeals.