**ROYAL INSURANCE COMPANY OF AMERICA, Appellant,**

v.

**SPHERE DRAKE UNDERWRITING MANAGEMENT LTD., Appellee.**

No. 09–97–485 CV.

Court of Appeals of Texas, Beaumont.

Submitted May 27, 1999.

Decided Aug. 26, 1999.

C.L. Soloman, James C. Bollom, Billings & Solomon, Houston, for appellant.

George Michael Jamail, Reaud Law Firm, Beaumont, for appellee.

Before WALKER, C.J., BURGESS and STOVER, JJ.

## OPINION

DON BURGESS, Justice.

Royal Insurance Company of America (Royal) appeals from a grant of summary judgment in favor of Sphere Drake Underwriting Management, Ltd. (Sphere Drake). Royal and Sphere Drake are both intervenors in the case below, wherein George Allemand and his wife, Willa, sued George's employer, Marine Fueling Service, (Marine Fueling) along with other defendants, for injuries sustained in the course and scope of his employment. Marine Fueling had a primary protection and indemnity insurance policy with Sphere Drake in the sum of $1,000,000, and an excess insurance policy with Royal in the sum of $10,000,000.

Marine Fueling and its insurers paid to or on behalf of the Allemands a total of $3,865,072.37, plus costs of defense and prosecution of Marine Fueling's cross-claims for indemnity for a total of $3,987,-065.55. Of the total amount, Marine Fueling paid a deductible of $7,500, Sphere Drake paid out $992,500, and Royal paid $2,987,065.55.

In the suit below, Marine Fueling cross-claimed against defendants Sterling Chemicals, Inc., Goodyear Tire and Rubber Co., Inc., and Triplex, Inc. These three defendants paid Marine Fueling $1,060,000 to settle the cross-claims.

Royal and Sphere Drake each filed a motion for summary judgment, claiming a superior interest in the monies recovered from Sterling, Goodyear and Triplex. The trial court denied Royal's motion and granted Sphere Drake's, awarding $7,500 (the total deductible) to Marine Fueling and the rest to Sphere to Sphere Drake and Royal on a pro-rata basis. Sphere Drake recovered 87.7% ($923,042) of the remaining $1,052,500, while Royal recovered 12.3% ($129,458). Royal appeals.

In point of error one, Royal claims the trial court erred in granting Sphere Drake's motion for summary judgment. Royal first argues that Sphere Drake's motion did not present any grounds for summary judgment; thus the judgment must be reversed. Tex.R. Civ. P. 166a (c) provides that "[i]ssues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." Royal provides no record reference wherein the trial court was appraised of this complaint. We have reviewed the record and find it does not reflect that Royal, by written motion, answer or response, presented this complaint to the trial court. Accordingly, it is not grounds for reversal.

Royal next contends that because its policy provides any recovery from third parties is disbursed to the subrogees in the reverse order of their payments, it is entitled to the full third-party recovery of $1,060,000. Sphere Drake argues that because the recoupment was solely for maintenance and cure, it should be disbursed to the subrogees for the maintenance and cure payments each made, according to the proportionate share rule. *See McDermott, Inc. v. AmClyde*, 511 U.S. 202, 114 S.Ct. 1461, 128 L.Ed.2d 148 (1994). Royal counters that even under the proportionate share rule, it is entitled to the entire amount since it paid $131,076.58 in maintenance and cure benefits and settled Allemand's claims against Marine Fueling for

future care for $1,000,000. Sphere Drake contends the $1,000,000 characterized as settlement of future maintenance and cure should not be considered as part of Marine Fueling's actual maintenance and cure outlay because "there is no such concept" as "anticipated future maintenance and cure obligation" in maritime law. Sphere Drake urges that the "real outlay" of maintenance and cure monies is only the $1,065.072 that went directly to Allemand or healthcare providers.

According to the Fifth Circuit, the right to maintenance and cure benefits "terminates only when 'maximum cure has been obtained.' " *Bertram v. Freeport McMoran, Inc.*, 35 F.3d 1008 (5th Cir.1994) (citing 1B Ellen M. Flynn et al., Benedict on Admiralty § 42, at 4–73 (7th ed.1993)). Both Houston Courts of Appeal have followed the Fifth Circuit finding "a seaman is entitled to maintenance and cure until the date of maximum possible cure, or the date beyond which further treatment would not improve the condition." *Maritime Overseas Corp. v. Ellis*, 886 S.W.2d 780, 795 (Tex.App.—Houston [14th Dist.] 1994), *aff'd*, 971 S.W.2d 402 (Tex.1998), *cert. denied*, —— U.S. ——, 119 S.Ct. 541, 142 L.Ed.2d 450 (1998) (citing *Johnson v. Marlin Drilling Co.*, 893 F.2d 77, 79 (5th Cir.1990)). *See also Maritime Overseas Corp. v. Waiters*, 923 S.W.2d 36, 40 (Tex. App.—Houston [1st Dist.] 1995), *aff'd as modified on other grounds*, 917 S.W.2d 17 (Tex.1996) ("A seaman is entitled to maintenance and cure until the date of maximum possible cure, when no further treatment will improve the condition."). This is consistent with the United States Supreme Court's decision in *Vaughan v. Atkinson*, 369 U.S. 527, 531, 82 S.Ct. 997, 8 L.Ed.2d 88, 92 (1962), wherein the Court stated that maintenance and cure "continues until [the seaman] reaches maximum medical recovery." In *Salem v. United States Lines Co.*, 370 U.S. 31, 37–38, 82 S.Ct. 1119, 8 L.Ed.2d 313, 319 (1962), the Court considered the sufficiency of the evidence to support an award for future maintenance. Although the Court found the evidence insufficient, the Court did not question the possibility of such an award, were it properly supported by the evidence. *Id.* Clearly then, there is such a concept as future maintenance and cure in maritime law.

Sphere Drake's motion for summary judgment contains no evidence, or even an assertion, that George Allemand has obtained maximum cure or that further treatment will not improve his condition. Therefore, we are unable to find, as a matter of law, the $1,000,000 allocated as future cure is not part of Marine Fueling's actual maintenance and cure outlay.

■ We now consider Sphere Drake's contention that the recoupment should be disbursed in accordance with the proportionate share rule set forth in *McDermott*. We find *McDermott* wholly inapplicable to the present case. In *McDermott*, the court determined the liability of non-settling defendants would be calculated based upon the jury's allocation of their proportionate responsibility, without giving credit for the settlement amount. *McDermott, Inc.*, 511 U.S. at 221, 114 S.Ct. at 1471–72, 128 L.Ed.2d at 164. *McDermott* dealt with non-settling tortfeasors seeking a dollar for dollar credit for the settlement amount. *Id.* It did not deal with recovery as between excess and primary insurers and in no way abrogated the policies in effect between Marine Fueling and its insurers. Accordingly, we find the trial court erred in granting Sphere Drake's motion for summary judgment and disbursing the recoupment on a pro-rata basis. Point of error one is sustained.

■ Royal's second point of error contends the trial court erred in denying its motion for summary judgment. Royal moved for summary judgment on the basis it is entitled to the entire $1,060,000 recovered from the third-party tortfeasors. We agree.

The subrogation provision in Royal's policy with Marine Fueling provides that

the last paid-in monies be the first paid out. The subrogation provision of the Sphere Drake policy, on the other hand, simply provides that it is entitled to monies recovered by Marine Fueling, after the deductible is reimbursed. Contrary to Sphere Drake's assertion, the provision does not state that Sphere Drake will be paid "first." In no way does the provision indicate in what order multiple insurers will be reimbursed. Sphere Drake contends the two provisions conflict. We find they do not. Giving effect to both provisions, it is clear that after the deductible is reimbursed, the excess insurer recovers any monies it paid out; then the primary insurer recovers any monies it paid out. *See Highlands Ins. Co. v. New England Ins. Co.*, 811 S.W.2d 276, 278 (Tex.App.— San Antonio 1991, no writ); *Vesta Ins. Co. v. Amoco Production Co.*, 986 F.2d 981, 988 (5th Cir.1993)(applying Texas law).

Royal's summary judgment evidence establishes it paid a total of $1,131,076.58 for maintenance and cure. As the recoupment for maintenance and cure is less than that amount, Royal is entitled to the entire recoupment. Point of error two is sustained. The judgment of the trial court is reversed and judgment is rendered in favor of Royal in the amount of $1,052,500.

REVERSED AND RENDERED.

RONALD F. WALKER, Chief Justice, dissenting.

This brief dissent is offered for two reasons: First, I believe that any discussion of "maintenance and cure" is the classic and proverbial "red herring." This case is about insurance money paid by a primary insurer and an excess insurer and which has the superior interest in the monies recovered from third-party tortfeasors. Second, the authorities cited by the majority which applies the "last in, first out" rule, are cases dealing with and between excess carriers, not cases between primary carriers and excess carriers. The majority gives emphasis to the provisions of Royal's policy and seems to totally disregard

Sphere Drake's subrogation rights as to the insured. Stated another way, Royal sells an excess policy *after the contractual fact* of Sphere's agreement with Marine. Royal's policy contains language which appropriately covers the payments of excess carriers, i.e., "last in, first out," however, to treat the primary insurer as equivalent to the excess insurer is to overreach Royal's own policy provisions. I find no case law applying "last in, first out" as between primary carriers and excess carriers, therefore I am reluctant to infringe upon Sphere's subrogation agreement with its insured. Seemingly, of the $1,060,000 recouped from the third-party tortfeasors, Royal should be entitled to $60,000 only.