**In re WEEKS MARINE, INC., and Atlantic Sounding Company, Inc., Relators.**

No. 04–00–00571–CV.

Court of Appeals of Texas, San Antonio.

Oct. 11, 2000.

Baldemar Garza, Law Office of Baldemar Garza, Rio Grande City, Frank E. Perez, Gilbert Piette, John Jordan, Frank Perez & Associates, Brownsville, Thomas H. Crofts, Jr., Sharon E. Callaway, Crofts, Callaway & Jefferson, P.C., San Antonio, for appellant.

Adam Poncio, Law Offices of Cerda & Poncio, P.C., San Antonio, Carlos L. Guerra, Guerra & Moore, L.L.P., McAllen, Arnulfo Guerra, Sr., Guerra & Guerra, Roma, Clayton Clark, Clark Depew, L.L.P., Houston, for appellee.

Sitting: ALMA L. LÓPEZ, Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice.

## OPINION

PER CURIAM.

■ The relators, Weeks Marine, Inc. and Atlantic Sounding Company, Inc. (hereinafter referred to as Weeks Marine), filed an application for writ of mandamus to compel the trial court to reverse its

decision regarding discovery of certain documents. Weeks Marine's application arises from a lawsuit brought by the real party in interest, Fidencio Martinez, under the Jones Act.[1] Martinez was a crew member on a vessel allegedly owned and controlled by Weeks Marine. In his petition, Martinez claimed that he was permanently injured when the vessel struck a stationary object in the water. Martinez sought discovery of certain documents through a motion to compel, and Weeks Marine asserted that the documents were privileged.

The trial judge, the respondent in this application, conducted a hearing on Martinez's motion and Weeks Marine submitted the documents to the trial judge for *in camera* inspection. After reviewing the documents and hearing arguments from the parties' lawyers, the trial judge determined that some of the documents were not privileged; specifically, (1) David Ott's investigative report, (2) a surveillance report that includes photographs of Martinez, and (3) a surveillance video of Martinez. In response, Weeks Marine filed a motion for emergency relief, and a petition for writ of mandamus, to protect the three documents.

 "Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy at law." *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985). Ordinarily, an appeal provides an adequate remedy at law, but an appeal does not provide an adequate remedy if the trial court erroneously orders the disclosure of privileged information. *See Walker v. Packer,* 827 S.W.2d 833, 843 (Tex.1992). Here, Weeks Marine contends that the three documents

are protected by the work product privilege and the attorney-client privilege. Thus mandamus must issue if the documents are protected by either of these privileges.

Rule 192.5 of the rules of civil procedure protects core work product from discovery. The rule defines work product as:

> (1) material prepared or mental impressions developed *in anticipation of litigation* or for trial by or for a party or a party's representatives, including the party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents; or

> (2) a communication made *in anticipation of litigation* or for trial between a party and the party's representatives or among a party's representatives, including the party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents.

TEX.R.CIV.PROC. 192.5(a) (emphasis added). Applying this definition to the documents in question here, and for the reasons discussed below, we find that the documents are privileged.

At the hearing on his motion to compel, Martinez relied on federal substantive law to obtain discovery of David Ott's report. Martinez explained that federal law governing his cause of action for maintenance and cure imposed a duty upon him to supply medical information that would substantiate his claim. He explained how this duty imposed a correlative duty upon Weeks Marine to investigate his claim.[2] He argued that he was entitled to discovery of the documents in question because Weeks Marine contended that he had not cooperated in their efforts to investigate his alleged injury. Although the trial

---

1. "The Jones Act is a federal statute that provides a remedy to any seaman who suffers personal injuries in the course of his employment due to the negligence of his employer or the employer's officers, agents, or other employees." *Maritime Overseas Corp. v. Waiters,* 923 S.W.2d 36,45 n. 6 (Tex.App.—Houston [1st Dist.] 1995), *aff'd as modified,* 917 S.W.2d 17 (Tex.1996).

2. The correlative duties of the parties in a maintenance and cure action are discussed by the First Court of Appeals in its decision in *Maritime Overseas Corp. v. Waiters,* 923 S.W.2d 36, (Tex.App.—Houston [1st Dist.] 1995), *aff'd as modified,* 917 S.W.2d 17 (Tex. 1996).

judge did not explicitly reveal his reasons for ordering the discovery of the three documents, his ruling implies that he was persuaded by the argument.

■ A trial judge presiding over a maritime case in state court must apply federal substantive law, but he must apply state procedural law. *See Maritime Overseas Corp. v. Ellis,* 971 S.W.2d 402, 406 (Tex.1998). Here, state procedural law-rule 192.5 indicates that the documents in question are protected from discovery as work product prepared in anticipation of litigation. Although Ott's report bears a caption that reads "Personal and Confidential, PREPARED IN ANTICIPATION OF LITIGATION," the contents of the report, not the caption, indicates why the report is privileged. Ott explains in his report that he was initially tasked with investigating the nature and extent of Martinez's injury and that he was unsuccessful in that effort, but the bulk of Ott's report summarizes the results of his subsequent investigation about the accident that ostensibly resulted in injury to Martinez. Therein, Ott explained that after learning that Martinez had hired an attorney and after the attorney told him he could not meet with Martinez, he received a call "advising that litigation could occur since an attorney was now involved" and asking him to obtain recorded statements from other Weeks Marine employees and witnesses. The bulk of Ott's report summarizes those statements, identifying inconsistencies in witnesses' versions of what occurred. Each statement was recorded on a date subsequent to the time Ott learned that Martinez had hired an attorney. While a redacted form of the report may have been discoverable, the total report is privileged as core work product.

Like Ott's report, the surveillance report that includes photographs of Martinez and the video tape are privileged as work product. The report contains the results of an investigation into Martinez's background and summarizes surveillance activities. Although the report describes Martinez's body movements, the report does not reveal any information about the accident or address any of Weeks Marine's contentions regarding Martinez's alleged injury. The video reflects additional surveillance of Martinez exiting and re-entering a vehicle. All surveillance and reporting occurred at times subsequent to the date Ott spoke with Martinez's attorney.

Upon learning that an employee complaining of a work-related injury has hired an attorney, a reasonable defendant would believe a substantial chance of litigation existed. *See Flores v. Fourth Court of Appeals,* 777 S.W.2d 38, 40–41 (Tex.1989) (discussing test for determining "anticipation of litigation"). Based on such a belief, a defendant would likely conduct an investigation to prepare for litigation. That is what occurred here. For whatever reason the documents in question were initiated, they now represent documents prepared in anticipation of litigation. Martinez may have been able to discover the documents in federal court, but he subjected himself to rule 192.5 by choosing to sue in state court. Under rule 192.5, these documents are privileged. As a result, the trial judge abused his discretion by ordering the discovery of the three documents. Because the trial court abused his discretion in ordering the discovery of privileged documents, and by providing those documents to Martinez, we conditionally grant the writ of mandamus. The writ will issue only if the trial judge fails to reverse the erroneous ruling on Martinez's motion to compel within ten days from the date of our opinion and order.