Petition for Writ of Mandamus Conditionally Granted and Opinion filed
October 29, 2002









 

Petition for Writ of Mandamus Conditionally Granted
and Opinion filed October 29, 2002.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00693-CV

____________

 

IN RE R&B FALCON DRILLING USA, INC.,
Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT
OF MANDAMUS

 



 

O P I N I O N

Relator R&B Falcon Drilling USA, Inc. seeks a
writ of mandamus ordering respondent, the Honorable Elizabeth Ray, Judge of the
165th District Court of Harris County, to vacate the part of the court=s discovery order that compels
R&B Falcon to produce documents and answer interrogatories relating to
maintenance-and-cure claims made by nonparty employees.  We conditionally grant the writ.

I. 
Factual and Procedural Background








In the underlying suit, real party in interest Louis Zetka
sued R&B Falcon asserting claims relating to his alleged personal injury on
December 15, 2000, aboard the vessel C.E. THORNTON.  Zetka alleges that he is a Jones Act seaman
and seeks recovery under the following claims: (1) negligence under the Jones
Act, (2) the unseaworthiness of the C.E. THORNTON, and (3) maintenance and
cure.  

During Zetka=s deposition, Zetka indicated that he had made false
statements concerning his physical condition in a document relating to a
physical examination prior to his employment with R&B Falcon.  Although R&B Falcon did not plead this
defense, based on this deposition testimony, R&B Falcon took the position
that it had properly stopped paying Zetka maintenance and cure and that it did
not owe Zetka any maintenance and cure because he had misrepresented or
concealed material facts during a pre-hiring medical examination or interview.

Zetka then propounded interrogatories and requests for
production on R&B Falcon seeking detailed information regarding the manner
in which R&B Falcon has handled pre-employment medical examinations and
other maintenance-and-cure claims over the last five years for all of its
employees.  R&B Falcon objected to
this discovery as being overly broad, unduly burdensome, oppressive, an
impermissible fishing expedition, irrelevant, and not reasonably calculated to
lead to the discovery of admissible evidence. 
Zetka moved to compel R&B Falcon to respond to this discovery.  

Although the trial court limited the time period to the two
years before December 15, 2000, it signed an order compelling R&B Falcon to
provide most of the information Zetka had requested, including:

!         A list
of R&B Falcon=s employees who have received maintenance and cure as
a result of a back or neck injury.

!         Any
correspondence or other documents sent to R&B Falcon=s employees in which R&B Falcon either (1) denied
an employee=s request for maintenance and cure, or (2) revoked an
employee=s maintenance and cure.








!         Any
correspondence or other documents directed to R&B Falcon=s employees in which R&B Falcon either (1) denied
an employee=s request for maintenance and cure based on an alleged
misrepresentation in the employee=s
pre-employment examination, or (2) revoked an employee=s maintenance and cure based on an alleged
misrepresentation in the employee=s
pre-employment examination.

!         A sample
or exemplar of all questionnaires given to R&B Falcon=s employees that ask any question regarding an
employee=s medical history.

!         The
name, last known address, last known telephone number, and job title of all of
R&B Falcon=s employees who have received maintenance and cure as
a result of a back or neck injury.

!         The
name, last known address, last known telephone number, and job title of all of
R&B Falcon=s employees who have either (1) requested and been
denied maintenance and cure during the last two years, or (2) received
maintenance and cure that was subsequently revoked.

!         The
name, last known address, last known telephone number, and job title of R&B
Falcon=s employees, representatives, and agents who made the
decision to deny or revoke maintenance and cure.

!         The
style of case, case number, county, and court of each lawsuit filed against
R&B Falcon in which one or more of R&B Falcon=s employees have brought claims against it seeking
recovery of maintenance and cure.

!         The
name, last known address, last known telephone number, and person(s) who made
the decision to deny or revoke maintenance and cure for each of R&B Falcon=s employees, if any, whose request
for maintenance and cure was denied, or whose ongoing maintenance and cure was
revoked, as a result of the employee=s alleged misrepresentation(s) on a
pre-employment physical/medical exam.

R&B Falcon filed a petition for writ of mandamus
asserting that this order constitutes a clear abuse of discretion for which
R&B Falcon has no adequate remedy by appeal.  R&B Falcon also sought an emergency stay
pending this court=s ruling on its request for mandamus relief.  We granted R&B Falcon=s emergency motion to stay the trial
court=s order pending our ruling.

                                                    II. 
Standard of Review








Mandamus relief is available if the trial court abuses its
discretion, either in resolving factual issues or in determining legal
principles, when there is no other adequate remedy by appeal.  See Walker v. Packer, 827 S.W.2d 833,
839B40 (Tex. 1992).  A trial court abuses its discretion if Ait reaches a decision so arbitrary
and unreasonable as to amount to a clear and prejudicial error of law.@ 
Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917
(Tex. 1985).  When alleging that a trial
court abused its discretion in its resolution of factual issues, the
complaining party must show the trial court reasonably could have reached only
one decision.  Id. at 918.  As to determination of legal principles, an
abuse of discretion occurs if the trial court clearly fails to analyze or apply
the law correctly.  See Walker,
827 S.W.2d at 840.  An order compelling
discovery Awell outside the bounds of proper
discovery@ is an abuse of discretion for which
there is no adequate remedy at law and for which mandamus is the proper
remedy.  K Mart Corp. v. Sanderson,
937 S.W.2d 429, 431B32 (Tex. 1996).  

                                                                III. 
Analysis

To determine the relevance of the discovery in question, we
must review the applicable substantive law. 
Under general maritime law, maintenance and cure entitles a seaman who
is injured or becomes ill while in the service of a ship to food, lodging, and
necessary medical services.  Maritime
Overseas Corp. v. Waiters, 917 S.W.2d 17, 18 (Tex. 1996).  A shipowner must pay an injured or ill seaman
maintenance and cure regardless of whether the shipowner was at fault or
whether the ship was unseaworthy.  Id.  The negligence of both R&B Falcon and
Zetka are irrelevant to Zetka=s ability to recover maintenance and cure.  See Aguilar v. Standard Oil Co. of N. J.,
318 U.S. 724, 730B31, 63 S. Ct. 930, 933B34, 87 L. Ed. 1107 (1943); Maritime
Overseas Corp., 917 S.W.2d at 18.








Nonetheless, if an injured seaman has engaged in willful
misbehavior, such as intentionally misrepresenting or concealing material facts
during a required pre-hiring medical examination or interview, then the seaman
is not entitled to maintenance and cure. 
See Aguilar, 318 U.S. at 731, 63 S. Ct. at 934; McCorpen v.
Central Gulf S. S. Corp., 396 F.2d 547, 549 (5th Cir. 1968).  On the other hand, if the injured seaman is
entitled to maintenance and cure, and if he proves that the shipowner willfully
failed to pay him maintenance and cure, then the seaman may recover attorney=s fees in addition to his maintenance
and cure.  See Maritime
Overseas Corp., 917 S.W.2d at 18.

In this case, Zetka has not pleaded that R&B Falcon
willfully failed to pay him maintenance and cure, and R&B Falcon has not
pleaded willful misconduct by Zetka. 
However, as a result of Zetka=s deposition testimony, R&B
Falcon indicated to Zetka that it would take the position that it owed no
maintenance and cure based on Zetka=s alleged misrepresentation of his
physical condition during his pre-hiring medical examination.  In response, Zetka propounded the discovery
at issue in this proceeding.  R&B
Falcon asserts that this discovery was overly broad, irrelevant, and not
reasonably calculated to lead to the discovery of admissible evidence.  See Tex.
R. Civ. P. 192.3(a); K Mart Corp., 937 S.W.2d at 431B32; Crown Cent. Petroleum Corp. v.
Garcia, 904 S.W.2d 125, 127 (Tex. 1995). 
R&B Falcon also asserts that this discovery constitutes a Afishing expedition@ into maintenance-and-cure files that
are completely unrelated to the underlying case.  In response, Zetka asserts that the mandamus
cases cited by R&B Falcon are not on point because Zetka is not trying to
dredge up evidence to support new claims. 
Zetka argues that the trial court acted within its discretion by
concluding that the discovery was relevant to Zetka=s pending maintenance-and-cure claim
and that R&B Falcon did not carry its burden of providing evidence to
support its objections.  We disagree.








The discovery the trial court compelled is not relevant or
reasonably calculated to lead to the discovery of admissible evidence regarding
Zetka=s maintenance-and-cure claim.  In the current posture of the underlying
case, the merits of Zetka=s claim have nothing to do with R&B Falcon=s intent, state of mind, or its
policies regarding maintenance and cure. 
See Aguilar, 318 U.S. at 731, 63 S. Ct. at 934.  Under well-established law, to prove his
entitlement to maintenance and cure, Zetka need only establish that he became
ill or was injured during the period of his service as a seaman employed by
R&B Falcon and that R&B Falcon did not pay him appropriate maintenance
and cure.  See id.  Therefore, evidence relating to R&B
Falcon=s intent, state of mind, and its
maintenance-and-cure claims practices is neither relevant nor calculated to
lead to the discovery of admissible evidence because such information has no
relationship to any issue in the underlying case.  See Exxon Pipeline Co. v. Zwahr, 45
Tex. Sup. Ct. J. 691, 694, 2002 WL 1027003, at *4 (May 23, 2002).  Zetka may not use the discovery process to
fish for additional claims regarding R&B Falcon=s other employees.  See In re Xeller, 6 S.W.3d 618, 627
(Tex. App.CHouston [14th Dist.] 1999, orig.
proceeding).  

Zetka does not assert that the discovery ordered by the trial
court was relevant or reasonably calculated to lead to the discovery of
admissible evidence regarding Zetka=s negligence or unseaworthiness
claims.  Even if he had so asserted, it
is clear that this discovery is not relevant or reasonably calculated to lead
to the discovery of admissible evidence regarding these claims.  Given the legal issues and the undisputed
facts in the underlying case, we find the applicable standard of review is satisfied
because the discovery the trial court ordered was not relevant or reasonably
calculated to lead to the discovery of admissible evidence.  See Tex.
R. Civ. P. 192.3(a); Exxon Pipeline Co., 45 Tex. Sup. Ct. J. at
694, 2002 WL 1027003, at *4; In re American Optical Corp., 988 S.W.2d
711, 713 (Tex. 1998) (stating that discovery requests must be reasonably
tailored to include only matters relevant to the case); K Mart Corp.,
937 S.W.2d at 431B32; Dillard Dep=t Stores, Inc. v. Hall, 909 S.W.2d 491, 492 (Tex.
1995).  Moreover, even if R&B Falcon
had pleaded willful misconduct by Zetka as an affirmative defense, the result
would be the same because this defense is based on the conduct of Zetka, not
R&B Falcon.








Zetka claims that, when R&B Falcon terminated his
maintenance and cure, the company failed to follow its maintenance-and-cure
policies and procedures; however, R&B Falcon has stated that it has no
written maintenance-and-cure policies and procedures.  Zetka argues, therefore, that the ordered
discovery was relevant to allow him to prove up these unwritten policies, so he
can show that R&B Falcon violated them. 
Zetka has not pleaded that R&B Falcon violated any such
policies.  In the present posture of this
case, even if he had made this allegation, it would not be material to any of
his claims.  See Aguilar, 318 U.S.
at 730B31, 63 S. Ct. at 933B34; Maritime Overseas Corp.,
917 S.W.2d at 18.  There is no issue in
the underlying case regarding R&B Falcon=s maintenance-and-cure policies.  Therefore, this argument fails.  

Zetka cites cases holding that evidence of other similar incidents
is admissible in cases alleging extra-hazardous railroad crossings and
discriminatory treatment of employees who 
file workers= compensation claims. 
See Missouri-Kansas-Texas R. Co. v. May, 600 S.W.2d 755, 756 (Tex.
1980) (railroad crossing); Missouri Pac. R. Co. v. Cooper, 563 S.W.2d
233, 235 (Tex. 1978) (same); Durbin v. Dal-Briar Corp., 871 S.W.2d 263,
268B69 (Tex. App.CEl Paso 1994, writ denied) (workers= compensation retaliation), disapproved
on other grounds by Golden Eagle Archery, Inc. v. Jackson, 24 S.W.3d 362
(Tex. 2000).  These cases are not on
point.  Zetka has not alleged an
extra-hazardous railroad crossing or discriminatory treatment because he filed
a workers= compensation claim.  

Zetka also argues that R&B Falcon did not carry its
burden of producing evidence to support its claim that the discovery is
irrelevant; however, evidence is not always required to support discovery
objections.  In re Union Pac. Res. Co.,
22 S.W.3d 338, 340B41 (Tex. 2000).  The
record in this proceeding shows a clear abuse of discretion, even though
R&B Falcon did not introduce evidence on the issue of relevancy.  On this record, R&B Falcon=s failure to adduce evidence on this
objection does not preclude mandamus relief. 
See id. 

Furthermore, the information and documents the trial court
ordered R&B Falcon to locate and produce were well outside the bounds of
proper discovery.  Therefore, R&B
Falcon has no adequate remedy by appeal. 
See K Mart Corp., 937 S.W.2d at 431B32. 


                                                             IV. 
Conclusion








The information the trial court ordered R&B Falcon to
provide is not relevant or reasonably calculated to lead to the discovery of
admissible evidence.  R&B Falcon has
no adequate remedy by appeal.  Accordingly,
we conditionally grant relator R&B Falcon=s petition for writ of mandamus
directing respondent the Honorable Elizabeth Ray to vacate the trial court=s order of July 9, 2002, to the
extent that it compels production of the information or documents referred to
in items 2, 5, 6, and 9 of the part of the order dealing with requests for
production.  We also conditionally grant
relator R&B Falcon=s petition for writ of mandamus directing respondent the
Honorable Elizabeth Ray to vacate the trial court=s order of July 9, 2002, to the
extent that it compels production of the information or documents referred to
in items 1, 2, 4, and 5 of the part of the order dealing with
interrogatories.  We are confident the
trial court will vacate these parts of the order.  The writ will not issue unless the trial
court fails to comply.

 

_______________________________

Kem Thompson Frost

Justice

 

 

Petition
Conditionally Granted and Opinion filed October 29, 2002.

Panel consists of
Chief Justice Brister and Justices Anderson and Frost.

Do Not Publish C Tex.
R. App. P. 47.3(b).