

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00356-CV

**IN RE JOURDANTON HOSPITAL CORPORATION**
d/b/a South Texas Regional Medical Center

Original Mandamus Proceeding[1]

Opinion by:     Karen Angelini, Justice

Sitting:        Catherine Stone, Chief Justice
                Karen Angelini, Justice
                Rebeca C. Martinez, Justice

Delivered and Filed: July 30, 2014

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

On May 19, 2014, relator Jourdanton Hospital Corporation d/b/a South Texas Regional Medical Center filed a petition for writ of mandamus, complaining of the trial court's order compelling production of an investigation report the Hospital claims is protected by the work product privilege. *See* TEX. R. CIV. P. 192.5(a)(2). We conclude the trial court abused its discretion in ordering the production of the investigation report, which is privileged. Therefore, we conditionally grant mandamus relief.

---

[1] This proceeding arises out of Cause No. 13-02-0080-CVA, styled *Stephanie Riley v. Jourdanton Hospital Corporation d/b/a South Texas Regional Medical Center*, pending in the 218th Judicial District Court, Atascosa County, Texas, the Honorable Stella Saxon presiding.

**BACKGROUND**

Stephanie Riley, the plaintiff in the underlying premises liability suit, alleged that she sustained injuries when she slipped and fell while visiting her mother in the Hospital in May 2011. Shortly after the incident, Riley reportedly complained and demanded payment of her treatment costs from the Hospital. In August 2011, the Hospital received notice that Riley had retained counsel to represent her in connection with the incident.

Terri Yates, an attorney and claims manager for the Hospital with Community Health Systems Professional Services Corporation, requested an investigation of the incident through G&S Claim Services, to review and evaluate Riley's potential claim. An Investigation Report was completed by claims adjuster, Richard Gay, in August 2012, evaluating Riley's potential claim against the Hospital. Riley sued the Hospital approximately six months later in February 2013.

To Riley's requests for production, the Hospital responded in July 2013 that, as to certain requests, documents were being withheld on the basis of privilege. *See* TEX. R. CIV. P. 193.3(a). The Hospital later provided a privilege log identifying all of the documents it had withheld, which included Gay's Investigation Report, and the associated privileges asserted. *See* TEX. R. CIV. P. 193.3(b). The Hospital claimed the Report was protected from discovery by the work product privilege. *See* TEX. R. CIV. P. 192.5(a)(2).

Rita Castillo, risk manager for the Hospital, signed an affidavit in August 2013, stating in part that each of the documents identified in the Hospital's privilege log, "are correspondence between myself, Terri Yates with [Community Health Systems Professional Services Corporation], and/or Richard Gay at G S Claim Services in evaluation of claims we anticipated Plaintiff intended to bring against [South Texas Regional Medical Center] in litigation." Approximately seven months later, in supplemental responses to requests for disclosure signed March 14, 2014, the Hospital for the first time designated its employee Rita Castillo as a testifying

expert witness. The supplemental responses list Castillo as one of seven current "nurses, agents, servants, employees, and/or representatives" of the Hospital who may provide expert testimony concerning "Riley's medical condition and treatment, the condition of the premises in question, or the housekeeping policies at the time of the alleged incident in question," the Hospital's license, administration or the authenticity of medical records. The responses also list five "former nurses, agents, servants, employees and/or representatives" who may testify regarding Riley's medical condition and treatment, or the condition of the premises in question.

Riley filed a motion to compel discovery responses on March 27, 2014, and requested a hearing. The motion asserts that the Hospital's responses to a number of interrogatories and requests for production were incomplete, and broadly challenges "all claims of privilege asserted, if any, as to the identified Interrogatories and Requests for Production." The Hospital filed a response to the motion to compel with exhibits, including its objections and responses to discovery, the original and an amended privilege log, Castillo's affidavit, and an affidavit of Richard Gay, among other items. In his affidavit, signed on April 18, 2014, Richard Gay testified:

> Therefore, in anticipation of litigation surrounding Ms. Riley's fall, I was contacted by Terri Yates, claims manager with CHSPSC, and began communicating with her and Rita Castillo, Risk Manager of STRMC in June of 2011. Each of the documents listed on Exhibit 1, attached hereto, are correspondence or work product between myself, Terri Yates with CHSPSC, or Rita Castillo with STRMC in evaluation of claims we anticipated Plaintiff intended to bring against STRMC in litigation.

A hearing on Riley's motion to compel was initiated on April 23, 2014. At the hearing, Riley argued that Castillo's designation as an expert witness in March 2014 meant that the Investigation Report was no longer privileged and was subject to discovery. Because this was a new argument not specifically raised in Riley's motion to compel, the Hospital requested permission to file supplemental briefing on the issue prior to the court's ruling, which the court allowed.

The following day, the Hospital served a second supplement to its responses to requests for disclosure de-designating Castillo as an expert witness. The other expert witness designations remained unchanged. The Hospital later filed supplemental briefing on the privilege issues in the trial court. As an exhibit to its supplemental briefing, the Hospital attached, among other items, a second affidavit executed by Rita Castillo, dated April 30, 2014. In this affidavit, Castillo testified:

> Richard Gay created an Investigation Report on or about August 13, 2012. I have never seen or reviewed the contents of that report. The documents identified in Exhibit 1, attached hereto, were not provided to, reviewed by, or prepared by or for me in anticipation of any testimony I might give as a testifying expert. The documents and communications identified in Exhibit 1 were instead created in anticipation of litigation and not in anticipation that I would testify as an expert in this lawsuit. I did not receive, review, or prepare any of the documents listed in Exhibit 1 in anticipation of testifying as to any opinions in this case.

The hearing on Riley's motion to compel was resumed on May 12 and, at the conclusion of the hearing, the trial court signed an order granting the motion to compel in part and denying it in part.[2] The Hospital filed this original mandamus proceeding complaining only of that portion of the trial court's order requiring production of Gay's Investigation Report.[3]

## ANALYSIS

*Work Product Privilege*

The work product privilege protects communications "made in anticipation of litigation or for trial between a party and the party's representatives or among a party's representatives, including the party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents." TEX. R. CIV. P. 192.5(a)(2). "Core work product" includes "the work product of an attorney or an attorney's representative that contains the attorney's or the attorney's representative's mental

---

[2] In addition to other rulings, the trial court denied Riley's motion to compel with respect to all other items identified in the Hospital's First Amended Privilege Log.

[3] The trial court's order requires production of the Investigation Report, but abates the ruling in the event of a mandamus proceeding "until the court of appeals and Texas Supreme Court issue their rulings on the mandamus."

impressions, opinion, conclusions, or legal theories" and is not subject to discovery. TEX. R. CIV. P. 192.5(b)(1). Work product not qualifying as "core" is discoverable only when the party seeking the material has demonstrated a substantial need for it and that a substantial equivalent cannot be obtained by other means without encountering undue hardship. TEX. R. CIV. P. 192.5(b)(2).

Even communications made in anticipation of litigation which would ordinarily qualify as work product may be discoverable if they are covered by an exception to the work product rule. One such exception provides that information discoverable under Rule 192.3 concerning experts is not work product protected from discovery. TEX. R. CIV. P. 192.5(c)(1).

Under Rule 192.3, a party is entitled to discover "all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of a testifying expert's testimony." TEX. R. CIV. P. 192.3(e)(6). Riley contends that the Investigation Report is discoverable under this exception as a document that was provided to Castillo, who was designated by the Hospital as a testifying expert witness.[4]

Castillo testified in her August 2013 affidavit that she began communicating with Yates and Gay for the purpose of evaluating potential claims against the Hospital as early as June 2011 and that the Report prepared in August 2012 was a communication between herself, Yates and/or Gay for that purpose. As such, the Report meets the definition of work product. TEX. R. CIV. P. 192.5(a)(2); *see also Nat'l Tank Co. v. Brotherton*, 851 S.W.2d 193, 207 (Tex. 1993) (holding an investigation is conducted "in anticipation of litigation," and therefore privileged, if, based on the totality of the circumstances, it meets the two-prong test of *Flores*) (*citing Flores v. Fourth Court of Appeals*, 777 S.W.2d 38, 40-41 (Tex. 1989)). In her later affidavit, she further testifies that the Report was not "provided to, reviewed by, or prepared by or for" her in anticipation of any

---

[4] Riley does not challenge the Hospital's assertion that the Investigation Report was prepared after it reasonably anticipated litigation.

testimony she might later give as an expert witness. Contrary to Riley's assertion, we do not agree that Castillo's two affidavits contradict each other. The fact that Castillo may have been provided the Report for the purpose of reviewing or evaluating a potential claim at a time before any litigation had been initiated does not automatically cause the Report to fall under the exception relating to experts when she is designated as a potential expert witness more than a year later.

There is a distinction between a report prepared in anticipation of litigation and one provided to or prepared by or for an expert in anticipation of trial or deposition testimony. *See D.N.S. v. Schattman*, 937 S.W.2d 151, 158 (Tex. App.—Fort Worth 1997, orig. proceeding); *see also Aetna Cas. & Surety Co. v. Blackmon*, 810 S.W.2d 438, 440 (Tex. App.—Corpus Christi 1991, orig. proceeding) (declining to hold that the designation of an employee as an expert witness automatically waives privileges applicable to documents unrelated to the witness's expert testimony). A report provided to an expert for the purpose of preparing the witness to provide expert opinion testimony is discoverable, while one provided solely for the purpose of evaluating potential claims in anticipation of possible future litigation is not. Gay's Investigation Report was created in August 2012 when the Hospital, through Castillo, Yates and Gay, was in the process of evaluating potential claims. Riley's suit was filed six months later in February 2013, and Castillo was not designated as an expert until March 2014. There is no evidence as to the specific date on which Castillo was provided the Report, but her testimony is that it was not provided to her in anticipation of any testimony she might provide in the litigation. The testimony on that issue contained in her first affidavit, executed seven months before her designation, is consistent with that of her second affidavit, executed shortly after her de-designation. We conclude that the Investigation Report does not fall under the exception provided by Rule 192.5(c)(1).

Core work product not subject to an exception is not discoverable. TEX. R. CIV. P. 192.5(b)(1); *In re Weeks Marine, Inc.*, 31 S.W.3d 389, 390-91 (Tex. App.—San Antonio 2000,

orig. proceeding). Non-core work product not subject to an exception is discoverable only upon a showing that the party seeking the material has a substantial need for it in the preparation of its case and that a substantial equivalent cannot be obtained by other means without undue hardship. TEX. R. CIV. P. 192.5(b)(2); *In re Bexar County Criminal Dist. Attorney's Office*, 224 S.W.3d 182, 189 (Tex. 2007) (orig. proceeding). Even assuming the Investigation Report is non-core work product, the record does not reflect that Riley met her burden of establishing substantial need and undue hardship. *See Bexar County Criminal Dist. Attorney's Office*, 224 S.W.3d at 189.

### *De-designation*

In response to Riley's argument that Castillo's designation destroyed the privilege, the Hospital elected to de-designate Castillo because her expert testimony was not necessary to the Hospital's defense. The Hospital argues that Castillo's removal as a potential expert witness remedies any alleged effect on its asserted privilege. Riley contends de-designation is only available when a privileged document has been inadvertently provided to a testifying expert and when the de-designation is not sought for an improper purpose, such as the deliberate suppression of information.

In *In re Christus Spohn Hospital Kleberg*, the defendant hospital sought to recover privileged documents mistakenly sent to its designated third party testifying expert using the snap-back provision to restore the privilege. *In re Christus Spohn Hosp. Kleberg*, 222 S.W.3d 434, 435 (Tex. 2007) (orig. proceeding); *see* TEX. R. CIV. P. 193.3(d). The court held that the inadvertent nature of the production to the expert preserved the privilege and entitled the hospital to recover the documents on realizing its mistake, as long as the designated expert did not testify at trial. *Christus Spohn*, 222 S.W.3d at 435. If the hospital chose to stand on the expert's designation, however, the documents could not be "snapped back." *Id*. at 436. The court analyzed the interplay between the rule requiring disclosure of all information provided to an expert, and the snap-back

provision allowing recovery of documents produced "without intending to waive a claim of privilege." TEX. R. CIV. P. 193.3(d). The court concluded that the rule requiring disclosure of expert documents prevailed over the snap-back provision. *Christus Spohn*, 222 S.W.3d at 440. Therefore, if the expert would testify at trial, the documents had to be disclosed to the other side. However, if the expert designation was withdrawn, the documents would remain privileged. *Id*. at 445. "[O]nce privileged documents are disclosed to a testifying expert, **and the party who designated the expert continues to rely upon that designation for trial**, the documents may not be retrieved **even if** they were inadvertently produced." *Id*. at 440-41 (emphasis added). The court acknowledged that withdrawal of an expert's designation is an available remedy allowing a party to avoid disclosure of documents provided to a testifying expert. *Id.* at 445. We do not agree that *Christus Spohn* compels the conclusion that the Hospital's privilege was irrevocably destroyed by Castillo's designation.

This court has held, "Texas law permits a testifying expert to be 'de-designated' so long as it is not part of 'a bargain between adversaries to suppress testimony' or for some other improper purpose." *In re State Farm Mut. Auto. Ins. Co*., 100 S.W.3d 338, 340 (Tex. App.—San Antonio 2002, orig. proceeding) (quoting *Castellanos v. Littlejohn*, 945 S.W.2d 236, 240 (Tex. App.—San Antonio 1997, orig. proceeding)). In *State Farm*, this court discussed that a de-designation may be so delayed as to be untimely, and therefore ineffective, if it is attempted after the trial court has ruled or after a witness's deposition has been noticed. *Id*. at 341. In that situation, the trial court would not abuse its discretion in refusing to permit the de-designation of an expert witness. *Id.* Despite holding that the trial court did not abuse its discretion in refusing the attempted de-designation in *State Farm*, this court still held that the trial court abused its discretion in ordering the production of documents at issue because they were not provided to the expert in anticipation of his testimony, so the privilege remained intact. *Id*. at 343. Here, the Hospital de-designated

Castillo promptly after the exception argument was made, before the trial court ruled on the asserted privilege and before Castillo provided any expert testimony. The trial court acknowledged Castillo's de-designation on the record at the hearing, and Riley does not complain that the de-designation was improper. In addition to providing an affidavit testifying that the Report was not provided to her in anticipation of any expert testimony she might give, Castillo is no longer a testifying expert witness. Therefore, the Investigation Report remains privileged. *See Christus Spohn*, 222 S.W.3d at 445; *State Farm*, 100 S.W.3d at 343.

## CONCLUSION

Based on the foregoing analysis, we hold the trial court abused its discretion in ordering the Hospital to produce the Investigation Report. Where a trial court has improperly ordered the disclosure of privileged information, there is no adequate remedy by appeal. *In re Ford Motor Co.*, 211 S.W.3d 295, 298 (Tex. 2006) (orig. proceeding); *Weeks Marine*, 31 S.W.3d at 390-91. Accordingly, we conditionally grant the petition for writ of mandamus and direct the trial court to vacate the portion of its May 12, 2014, order requiring the production of Gay's Investigation Report and enter an order denying Riley's motion to compel production of the Investigation Report. The writ will issue only if the trial court fails to comply within ten days from the date of this court's order.

Karen Angelini, Justice